LAW OFFICES OF

**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com
KATHERINE CONNOLLY (State Bar #343524)
kconnolly@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF
A.S., A MINOR, BY AND THROUGH HER
GUARDIAN AD LITEM SHAWN SPRINGER**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., a minor, by and through her Guardian ad Litem SHAWN SPRINGER | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| POINT QUEST, VACAVILLE UNIFIED SCHOOL DISTRICT, ANASTASIA BOOMER, HANNAH SMITH and DOES 1-30, inclusive | |
| Defendants. | |

COME NOW Plaintiff A.S., a minor (hereinafter "Plaintiff"), by and through her Guardian ad Litem, SHAWN SPRINGER, who allege as follows:

### PARTIES

1.      To protect her privacy, the minor Plaintiff has been identified by her initials "A.S." At the commencement of this action, and at all relevant times hereto, A.S. was a resident of the City of Vacaville, County of Solano, in the State of California. Upon a judicial assignment, Plaintiff will file her *Application and Order for Appointment of Guardian ad Litem* requesting that SHAWN SPRINGER be

1

1    appointed at A.S.'s *Guardian ad Litem* for the present action.

2        2.    A.S. was born on ███████████. A.S. has been diagnosed with Autism

3    and Intellectual disabilities.

4        3.    SHAWN SPRINGER is A.S.'s father and during all relevant times

5    herein, A.S. lived with SHAWN SPRINGER.

6        4.    At the time of the incidents giving rise to this action, Plaintiff A.S. was a

7    special education student entrusted to the care of Defendant VACAVILLE UNIFIED

8    SCHOOL DISTRICT ("VUSD" and/or "District").

9        5.    Defendant VUSD is a public entity within the meaning of California

10   Government Code sections 811.2, 900 *et seq*., and is duly incorporated and operating

11   under California law as a school district.

12       6.    Defendant POINT QUEST EDUCATION ("PQE") is a non-public school

13   for disabled students with cognitive, behavioral and/or emotional special needs.

14   *Point Quest* is in privity of contract with the VUSD. PQE maintains multiple

15   campuses including a campus located at 8876 Fruitridge Road, Sacramento

16   California referred to as Point Quest Education Depot Park (hereinafter PQE Depot

17   Park) where the incidents giving rise to Plaintiff's claims herein occurred.  PQE

18   purports to provide comprehensive education services to disabled students and

19   receives substantial direct and indirect federal funding assistance to do so.

20       7.    At all relevant times, Defendant Hannah Smith (hereinafter "SMITH")

21   was employed by PQE as a special education teacher at PQE Depot Park. All actions

22   alleged herein were taken by SMITH under color of state law and in the course and

23   scope of her employment with PQE.

24       8.    At all relevant times, DOE 1 (aka "Mr. Michael") was employed by PQE

25   as a special education paraprofessional assigned to the PQE Depot Park campus. All

26   actions alleged herein were taken by Defendant DOE 1 under color of state law and

27   in the course and scope of his employment with PQE.

28       9.    At all relevant times, Defendant ANASTASIA BOOMER ("BOOMER")

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    was employed by VUSD as a behavior analyst who monitored, supervised and

2    supported disabled students VUSD assigned to non-public school placements,

3    including A.S. at the PQE Depot Park campus. All actions alleged herein were taken

4    by BOOMER under color of state law and in the course and scope of her employment

5    with VUSD.

6        10.    At all relevant times herein, VUSD assigned A.S. to PQE Depot Park, a

7    non-public school for disabled students with cognitive, behavioral and/or emotional

8    special needs in Sacramento, California.

9        11.    Plaintiff alleges that at all relevant times, DOES 1-13 were the agents,

10   officers and/or directors of Defendant PQE and were acting within the course and

11   scope of their employment with Defendant PQE and/or in an official capacity.

12   Pursuant to the well-established legal principle of *respondeat superior*, PQE is

13   vicariously liable for the torts of their employees that are committed with the scope of

14   their employment.  *Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967.

15       12.    Plaintiff alleges that at all relevant times, DOES 14-30 were agents,

16   officers and/or directors of Defendant VUSD and were acting within the course and

17   scope of their employment with VUSD or in an official capacity. Pursuant to

18   California Government Code sections 815.2 and 820, VUSD is liable for the acts and

19   omissions of its employees that are within the course and scope of employment.

20   *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747.

21       13.    The true names and capacities, whether individual, corporate,

22   partnership, joint venture, or otherwise of Defendants DOES 1-30, inclusive, are

23   presently unknown to Plaintiff who therefore sues Defendants by such fictitious

24   names. When the true names and capacities of DOES 1-30 are ascertained, Plaintiff

25   will seek leave to amend this complaint by inserting their true names and capacities

26   herein.

27       14.    Plaintiff alleges that each of the named Defendants and each of the

28   fictitiously named Defendants are legally responsible in some manner for the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  occurrences alleged herein, and that the injuries as alleged herein were proximately

2  and legally caused by the acts and/or omissions of such Defendants.

3       15.    Plaintiff alleges that during the relevant times referenced herein, that

4  each of the Defendants sued herein was the agent, servant, employee, joint venture,

5  partner, division, owner, subsidiary, alias, assignee, and/or alter-ego of each of the

6  remaining Defendants, and was acting within the purpose, scope, course, and

7  authority of such agency, servitude, employment, joint venture, partnership, division,

8  ownership, subsidiary, alias, assignment, alter-ego, and with the authority, consent,

9  approval, and ratification of each remaining Defendant.

10       16.    On information and belief, each of the fictitiously named Defendants

11  aided, assisted, approved, acknowledged, and/or ratified the wrongful acts committed

12  by Defendants as alleged herein, and that Plaintiff's damages, as alleged herein,

13  were legally caused by such Defendants.

14       17.    At all relevant times set forth herein, all Defendants acted in concert

15  and as the agents of one another.

16  **COMPLIANCE WITH GOVERNMENT CLAIMS ACT FILING**
17  **PREREQUISITES**

18       18.    On or about October 21, 2022, Plaintiff presented her *Application for*

19  *Permission To Present Late Claim*, together with her written government tort claim,

20  to Defendant VUSD in accordance with provisions of the California Government

21  Code section 911.4.

22       19.    VUSD thereafter took no action on Plaintiff's claim and Plaintiff's claim

23  was deemed denied by operation of law on or about December 5, 2022. This action is

24  timely filed in conformity with California Government Code section 945.6(2).

25  **FACTS COMMON TO ALL COUNTS**

26       20.    At the time of the incidents giving rise to this action, Plaintiff A.S. was

27  an 8 year-old child with autism and intellectual disabilities qualifying her to receive

28  special education services and supports from VUSD pursuant to the Individuals with

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    Disabilities Education Act ("IDEA"), 20 U.S.C. section 1401 *et seq*.

2        21.    Prior to and during the 2021/2022 school year, VUSD knew that A.S.

3    required accommodations and supports based on her disability and the VUSD

4    administrators and staff were provided with information regarding A.S.'s disability

5    and the appropriate supports A.S. required.

6        **The Depot Park Campus**

7        22.    In approximately March 2019, PQE opened its special needs program on

8    the Depot Park Campus located at 8376 Fruitridge Rd. in Sacramento. The campus

9    was previously run by Guiding Hands School (GHS) until its closure in January,

10    2019 when the state revoked GHS' license following use of an illegal prone restraint

11    that resulted in the death of disabled student M.B..  On information and belief, when

12    PQE took over the Depot Park campus, it retained several GHS teachers and staff.

13        23.    On information and belief, during the 2021/2022 school year and prior to

14    A.S.'s abuse at PQE, disabled student Z.J. reported being physically assaulted by two

15    PQE staff members, one who grabbed him by his neck and another who screamed

16    expletives at him and threatened him with physical violence while he recorded the

17    incident on his cell phone.

18        24.    There are currently pending in this Court two lawsuits involving nine

19    disabled students alleging improper and abusive restraints at the Depot Park

20    campus involving GHS and/or PQE staff, *Marques, et al. v. Guiding Hands*, *PQE, et*

21    *al.,* Case No. 2:22-cv-00150-DJC-KJN (Plaintiffs GVM, JVM and TVM) and *Langley,*

22    *et al. v Guiding Hands*, *PQE, et al.,* Case No. 2:20-cv-00635-DJC-KJN (Plaintiffs DZ,

23    ED, HK, JP, MS, SD, MB).

24        25.    During the 2021/2022 school year, VUSD assigned Plaintiff to a

25    classroom on the PQE Depot Park campus with Defendant SMITH as her teacher

26    and DOES 1-13 as her paraprofessionals and support staff.

27        26.    On information and belief, prior to assigning A.S. to PQE Depot Park,

28    VUSD had previously assigned disabled students to the Depot Park campus during

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

the time it was run by GHS and knew or should have known that PQE Depot Park
retained GHS teachers and staff who had a history of improperly restraining disabled
students without justification for excessive periods of time.

27.    On information and belief, before assigning A.S. to PQE Depot Park,
BOOMER and DOES 14-30 observed and/or received reports of PQE staff using
improper physical restraints on disabled students without justification for excessive
amounts of time.

28.    On information and belief, VUSD knew before assigning A.S. to PQE
Depot Park, that PQE provided inadequate restraint training to its Depot Park
campus staff and that as a result, PQE staff improperly restrained students causing
them physical and emotional harm and PQE staff posed a threat to A.S..

29.    On information and belief, during the time A.S. was placed at PQE
Depot Park, SMITH and DOES 1-13 routinely improperly restrained A.S. and other
students, without justification for excessive amounts of time, rather than using less
restrictive behavioral interventions.  This agitated students, including A.S., causing
them physical and psychological harm, increasing their maladaptive behaviors and
reducing the likelihood that A.S. and other students could return to a less-restrictive
public school placement.

30.    On information and belief, by intentionally agitating A.S. and other
disabled students through improper restraints, PQE staff increased their
maladaptive behaviors preventing A.S. and other students from leaving PQE to
return to a less-restrictive placement at their public school.  This ensured PQE would
continue to receive a long-term income stream in funding for the attendance of
disabled students placed at PQE by VUSD and other public school districts.

31.    On information and belief, VUSD was on notice that PQE staff had a
pattern and practice of violently restraining special needs students who were not a
danger to themselves or others including through improper use of holding students
down on the ground in prone restraints causing physical injuries as punishment for

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 behaviors manifesting from students' disabilities.

2       32.    It was foreseeable to Defendants, and each of them, that these practices

3 would harm Plaintiff A.S. and did harm plaintiff A.S. physically, emotionally,

4 psychologically and educationally.

5       33.    VUSD had a responsibility to place A.S. in a safe and appropriate

6 learning environment, free from hostility, harm, or discrimination.

7       34.    Upon information and belief, before placing A.S. at PQE, VUSD received

8 complaints from BOOMER, DOES 14-30 and the families of other disabled students

9 attending PQE that PQE staff was using excessive and unwarranted restraints and

10 force against students causing them to be bruised, injured and harmed.

11       35.    On information and belief, despite VUSD's knowledge of the danger

12 PQE staff posed to A.S., it nonetheless placed A.S. there and failed to protect A.S.

13 from harm or warn or notify her parents.

14       36.    VUSD had a responsibility to place A.S. in a safe and appropriate

15 learning environment and to advise her parents and remove her from PQE upon

16 learning that PQE staff used excessive and unwarranted restraints and force on

17 disabled students causing them harm.

18       37.    During the time Plaintiff A.S. was assigned to SMITH's classroom at

19 PQE Depot Park, A.S. was subjected to ongoing physical and psychological abuse by

20 SMITH and DOES 1-13 as a form of corporal punishment and/or behavior coercion in

21 response to behaviors that manifested from A.S.'s disabilities, in violation of

22 California Education Code section 49001.

23       38.    On or around December 16, 2021, BOOMER witnessed SMITH and

24 DOES 1-13 repeatedly hold A.S. face down on the ground while simultaneously

25 restraining all of her extremities and causing A.S. to sustain injuries including

26 scratches and bruises.

27       39.    On or around January 24, 2022, BOOMER observed SMITH and DOES

28 1-13 repeatedly grab A.S. from under her arms, lifting her feet off the floor, and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  forcefully move A.S. to various locations on the campus, employing such unapproved

2  transports with A.S. at least 7 times in a 30-minute period.  BOOMER observed

3  SMITH and DOES 1-13 repeatedly force A.S. down into her chair when A.S.

4  attempted to leave her seat, causing A.S. to cry out in pain. On multiple occasions

5  BOOMER witnessed SMITH and DOES 1-13 aggressively hold A.S. down on the

6  ground against a mat causing A.S. to cry and frantically beg to be let go.

7        40.    On information and belief, A.S. also witnessed SMITH and DOES 1-13

8  perpetrate physical and emotional abuse of her nonverbal disabled classmates

9  causing A.S. to experience further and increased emotional distress.

10        41.    On information and belief, VUSD, BOOMER and DOES 14-30 knew

11  PQE staff was employing improper behavior emergency interventions with A.S. and

12  her disabled classmates, including but not limited to on December 16, 2021 and

13  January 24, 2022, but concealed the abuse, failed to complete mandatory Behavior

14  Emergency Reports (BERs) to notify A.S.'s parents, the Solano County SELPA and

15  the California Department of Education, failed to document, report or investigate

16  known instances of abuse, failed to discipline or retrain SMITH or DOES 1-13 to

17  prevent further abuse and failed to comply with their mandatory duty to report

18  suspected child abuse to law enforcement.

19        42.    Had VUSD, BOOMER and/or DOES 14-30 complied with their

20  mandatory duty to report all suspected child abuse by PQE staff, an investigation

21  would have been undertaken at the outset and A.S. would not have been subjected to

22  further ongoing abuse.

23        43.    On information and belief, A.S. was subjected to abusive conduct by

24  SMITH and DOES 1-13 at PQE Depot Park routinely and as a form of punishment

25  and/or behavior coercion in response to her disabilities.

26        44.    On information and belief, during the 2021-2022 school year, A.S. was

27  routinely subjected to physical, verbal, and emotional abuse by SMITH and DOES 1-

28  13. VUSD, BOOMER and DOES 14-30 were aware, or should have been aware, that

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  A.S. and her classmates were being abused and of the hostile classroom environment

2  for A.S. at PQE, but negligently and/or intentionally failed to protect A.S. from

3  ongoing harm and failed to take steps to stop the abuse or eliminate the hostile

4  environment.

5      45.    Because A.S. is functionally non-verbal, she was unable to tell her

6  parents about the abuse she was experiencing at the time it was occurring. As a

7  result, A.S. was also deprived of the comfort her parents could have provided at the

8  time she needed it most and from accessing the counseling, medical and

9  or/psychological care she required.  If Defendants timely notified A.S.'s parents of her

10  abuse, they would have immediately provided her with appropriate support and care.

11  The full extent of the abuse suffered by A.S. is not yet known.

12      46.    On information and belief, PQE employees, while working in the course

13  and scope of their employment, negligently and/or intentionally caused the injuries

14  herein described and negligently supervised its employees in violation of the

15  Education Code so as to cause A.S.'s injuries.

16      47.    On information and belief, the abusive conditions at PQE Depot Park

17  existed for an extended period and were actually and constructively known to VUSD,

18  BOOMER and DOES 14-30.

19      48.    All VUSD and PQE employees, including SMITH, BOOMER and DOES

20  1-30, were mandated reporters as defined by Penal Code § 11165.7, but each failed to

21  report incidents of abuse of A.S. to an agency defined in Penal Code § 11165.9.

22      49.    Prior to January 2022 A.S.'s parents were not aware A.S. was being

23  subjected to abuse and/or neglect at PQE or that the VUSD and PQE were aware, or

24  should have been aware, of the abuse but failed to report it and prevent it.

25      50.    On information and belief, it was not until after multiple incidents of

26  physical and psychological abuse of A.S. perpetrated by SMITH and DOE 1-13 that

27  BOOMER finally reported the abuse to VUSD's Director of Special Education in

28  February 2022.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

51.    On information and belief, during the 2021/2022 school year while SMITH and DOES 1-13 physically and emotionally abused A.S. as punishment and in response to her behaviors, VUSD and PQE were aware, or should have been aware, of SMITH and DOES 1-13's abuse of A.S. but failed to take action to intervene to stop the abuse, failed to discipline or retrain staff to prevent further abuse, failed to document or report incidents of abuse, and failed to report the abuse to law enforcement as required.

52.    While attending PQE Depot Park, A.S. significantly regressed emotionally and academically.  She began having nightmares, became more easily agitated and fearful, became increasingly aggressive towards others, and lost much of her prior academic progress.

53.    During A.S.'s placement at PQE Depot Park during the 2021/2022 school year, PQE employees including SMITH and DOES 1-13 routinely physically, psychologically, and emotionally abused A.S. including but not limited to multiple incidents on December 16, 2021 and January 24, 2022, subjecting A.S. to multiple improper physical restraints and seclusions in violation of California Education Code sections 49005 *et seq.*, 56521.1 and 56521.2, and Solano County Office of Education Policy No. 5131.41.

54.    SMITH's classroom was a hostile environment for A.S. based on her disabilities contrary to California Education Code section 234.1 and Solano County Office of Education Administrative Policy No. 5145.3.

55.    VUSD, PQE, BOOMER and DOES 14-30, knew of SMITH and DOES 1-13's misconduct but concealed it and failed to take steps to prevent further injury to A.S. and her disabled classmates when proper supervision would have prevented their injuries.

56.    VUSD, PQE, BOOMER and DOES 14-30 violated relevant portions of the federal laws intended to protect A.S. and other similarly situated disabled students.  Compliance would have prevented and/or significantly minimized A.S.'s injuries.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

57.    On information and belief, PQE negligently failed to adequately hire, supervise or train their employees in permissible restraints, proper classroom management, appropriate behavior intervention, legal requirements governing documenting and reporting all physical and mechanical restraints, and their mandatory child abuse reporting responsibilities.

58.    On information and belief, the conduct herein described by the employees of VUSD and PQE, while working in the course and scope of their employment, was deliberately indifferent to the risk of injury to Plaintiff, and negligently and/or intentionally caused the injuries herein described.

59.    At all relevant times hereto, A.S.'s behavior did not rise to the level of an emergency or serious or imminent threat of harm to herself or others that would justify the use of physical force against her or restraint of her freedom of movement.

### FIRST CAUSE OF ACTION
**(Violation of Constitutional Rights, 42 U.S.C. § 1983)**
**[A.S. vs. BOOMER, SMITH and DOES 1-30]**

60.    Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

61.    Plaintiff alleges that Defendants BOOMER, SMITH and DOES 1-30, violated 42 U.S.C. § 1983 when they deprived her of her constitutional rights while acting under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

62.    Plaintiff A.S. has a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and to be secure in her person and to maintain her bodily integrity against unreasonable assaults of her person. All students have the right under the Fourth Amendment to be free from unreasonable searches and seizures. The unreasonable use of excessive force and corporal punishment of a student violates this right. *Doe v. Hawaii Dept. of Education*, 334 F.3d 906, 909 (9th Cir. 2003).

63.    SMITH and DOES 1-13 violated Plaintiff A.S.'s rights under the Fourth Amendment by using unjustified and unreasonable force against her.

64.    SMITH and DOES 1-13's conduct in dragging A.S. across the ground by

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1   her underarms, forcing her into a chair by her shoulders and physically forcing her

2   onto the ground and holding her down while restraining her extremities, violated the

3   Fourth Amendment's prohibition of the use of excessive force against public school

4   children. In *Preschooler II v. Clark County School Bd.*, 479 F.3d 1175, 1180–82 (9th

5   Cir. 2007), the Ninth Circuit confirmed that the Fourth Amendment applies

6   specifically to excessive force cases in a school setting and concluded that the

7   "beating, slapping, and slamming" of the child "violated the Fourth Amendment's

8   prohibition of the use of excessive force against public school children."

9       65.    In light of the clear constitutional prohibition on the use of excessive

10  force against public school children and the heightened protections for disabled

11  pupils, no reasonable person charged with the care of special education students

12  would believe that the use of force employed by SMITH and DOES 1-13 was lawful.

13      66.    Although there is no pure respondeat superior liability under § 1983, a

14  supervisor is liable for the acts of his subordinates "if the supervisor [] knew of the

15  violations [of subordinates] and failed to act to prevent them." *Taylor v. List*, 880

16  F.2d 1040, 1045 (9th Cir. 1989).

17      67.    Plaintiff alleges that supervisory defendants BOOMER and DOES 14-30

18  are individually liable under § 1983 because they knowingly refused to terminate a

19  series of acts by SMITH and DOES 1-13, that they knew or reasonably should have

20  known would cause SMITH and DOES 1-13 to deprive A.S. of her constitutional

21  rights.

22      68.    Plaintiff further alleges that supervisory defendants BOOMER and

23  DOES 14-30 knew that their subordinates, including SMITH and DOES 1-13, were

24  engaging in these acts and knew or reasonably should have known that the conduct

25  of SMITH and DOES 1-13 would deprive Plaintiff of these rights; and BOOMER and

26  DOES 14-30 failed to act to prevent SMITH and DOES 1-13 from engaging in such

27  conduct.

28      69.    On information and belief, SMITH and DOES 1-13 had a prior history of

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  using excessive, unreasonable and unnecessary physical force to unconstitutionally

2  seize disabled students prior to the incidents involving plaintiff A.S..

3       70.  On information and belief, Defendants BOOMER and DOES 14-30 had

4  actual and/or constructive knowledge that SMITH and DOES 1-13 had previously

5  engaged and continued to engage in misconduct that posed a pervasive and

6  unreasonable risk of constitutional injuries to Plaintiff A.S., a non-verbal disabled

7  student.

8       71.  BOOMER and DOES 14-30 are also individually liable under § 1983 for

9  disregarding the known or obvious consequences that a particular training deficiency

10 or omission would cause SMITH and DOES 1-13 to violate A.S.'s constitutional

11 rights; and that deficiency or omission actually caused SMITH and DOES 1-13 to

12 deprive A.S. of her constitutional rights.

13      72.  On information and belief, BOOMER and DOES 14-30 failed to train

14 PQE staff, including SMITH and DOES 1-13, regarding appropriate classroom

15 management and how to appropriately respond to behavioral manifestations of

16 student disabilities, and such failure created a hostile educational environment in

17 which A.S. was routinely subjected to physical and emotional abuse as punishment

18 and in response to behaviors that manifested from her disabilities.

19      73.  BOOMER and DOES 14-30 are responsible for appropriately

20 supervising and training school personnel and paraeducators, including SMITH and

21 DOES 1-13 to ensure the behavioral interventions and supports they used with

22 disabled students were legally permissible and did not violate the rights of disabled

23 students and create a hostile environment. There is a clear constitutional duty

24 implicated in the proper use of behavioral interventions and supports for nonverbal

25 autistic students as the improper implementation of these measures constitutes an

26 unconstitutional seizure in violation of the Fourth Amendment.

27      74.  On information and belief, BOOMER and DOES 14-30 had actual

28 knowledge that SMITH and DOES 1-13 were routinely confronting situations

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  requiring the use of behavior management techniques with A.S. and other disabled

2  students.

3      75.    On information and belief, BOOMER and DOES 14-30 had actual

4  knowledge that SMITH and DOES 1-13 routinely reacted to such situations in a

5  manner contrary to constitutional requirements. Despite this knowledge, BOOMER

6  and DOES 14-30 failed to provide adequate training or supervision to prevent

7  violations of the constitutional rights of students. The inadequacy of this training

8  and supervision caused the constitutional violation at issue. *See Merritt v. Cty. of Los*

9  *Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).

10      76.    On information and belief, the response of BOOMER and DOES 14-30 to

11  the prior misconduct by SMITH and DOES 1-13 was so inadequate as to amount to

12  deliberate indifference to and/or ratification of the constitutional violations.

13      77.    On information and belief, Defendants BOOMER and DOES 14-30

14  abdicated their duty to document, report, retrain and/or discipline SMITH and DOES

15  1-13 when they first became actually and/or constructively aware of their misconduct

16  with A.S. and other disabled students.

17      78.    There is an affirmative causal link between this inaction and "blind eye"

18  acquiescence and the particular constitutional injury suffered by Plaintiff.  The

19  failure to document, report, retrain and/or discipline SMITH and DOES 1-13 for their

20  earlier abusive misconduct created a hostile environment wherein their abuse was

21  allowed to continue and to escalate. BOOMER and DOES 14-30 had knowledge that

22  constitutional violations were regularly occurring and their corresponding failures to

23  take affirmative action to prevent future abuse constitutes deliberate indifference.

24  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The failure to act facilitated

25  the constitutional violations in this case as the practice of repeatedly failing to act

26  despite knowledge of abuse normalizes recurrent constitutional deprivations and

27  encourages future violations. Such conduct amounts to a reckless or callous

28  indifference to the deprivation by SMITH and DOES 1-13 of the rights of others.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

79.     As set forth in this Complaint, Defendants' conduct was so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

80.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

81.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

82.     As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 42 U.S.C. § 1988(b).

### SECOND CAUSE OF ACTION
**(Violation of the Americans With Disabilities Act)**
**[A.S. vs. VUSD]**

83.     Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

84.     Congress enacted the Americans with Disabilities Act ("ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that "individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination." 42 U.S.C. § 12101(a).

85.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

86.     Effective January 26, 1992, Title II of the Americans with Disabilities

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 Act of 1990, entitled Plaintiff to the protections of the "Public Services" provision.

2 Title II, Subpart A prohibits discrimination by any "public entity," including any

3 state or local government, as defined by 42 U.S.C. § 12131, § 201 of the ADA.

4      87.    Pursuant to 42 U.S.C. § 12132, § 202 of Title II, "no qualified individual

5 with a disability shall, by reason of such disability, be excluded from participation in

6 or be denied the benefits of the services, programs, or activities of a public entity, or

7 be subjected to discrimination by any such entity."

8      88.    At all times relevant to this action, Plaintiff was a qualified individual

9 with a disability. Further, VUSD is a public entity within the meaning of Title II of

10 the ADA and provides a program, service, or activity to the general public.

11      89.    VUSD excluded Plaintiff A.S. from participation in and denied her the

12 benefits of the services, programs, or activities it provided, and she was entitled to

13 receive, by placing her in an environment at PQE where they knew she would be and

14 was subjected to physical and psychological abuse by her PQE teacher and

15 paraeducators. Additionally, VUSD failed in its responsibilities under Title II to

16 provide services, programs and activities on an equal basis to children with

17 disabilities and free of hostility toward their disability.

18      90.    VUSD placed A.S. into PQE where SMITH and DOES 1-13 routinely

19 physically and emotionally abused her including incidents wherein SMITH and

20 DOES 1-13 repeatedly grabbed A.S. from under her arms, lifted her feet off the floor,

21 and forcefully moved her at least 7 times in a 30-minute period, repeatedly forced

22 A.S. down into her chair and when A.S. attempted to get up held her causing A.S. to

23 cry out in pain and repeatedly held A.S. down on the ground aggressively against a

24 mat not allowing her to move and causing A.S. to cry and frantically beg to be let go,

25 all to punish A.S. in response to behaviors which manifested from her disabilities.

26 Non-disabled VUSD students were not subjected to similar acts of abuse.

27      91.    Plaintiff further alleges that BOOMER and DOES 14-30 knew of and

28 were deliberately indifferent to the abuse committed by SMITH and DOES 1-13.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

92.     VUSD is vicariously liable for BOOMER and DOES 1-13's discriminatory conduct. When a plaintiff brings a direct suit under the ADA, a public entity is liable in respondeat superior for the acts of its employees. *Duvall v. County of Kitsup,* 260 F.3d 1124 (9th Cir. 2001).

93.     Defendant's conduct as alleged herein was a substantial factor in causing Plaintiff A.S.'s harm.

94.     As a result of the District's failure to comply with its duty under Title II, Plaintiff A.S. has suffered special and general damages according to proof.

95.     As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 42 U.S.C. § 12205.

## THIRD CAUSE OF ACTION
### (Violation of § 504 of the Rehabilitation Act of 1973)
### [A.S. vs. PQE]

96.     Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

97.     Under § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("§ 504"), a qualified individual with a disability may not, solely by reason of his/her disability, be subjected to discrimination, excluded from participation in, or denied the benefits of, any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a). As such § 504 prohibits not only "discrimination" against the disabled, but also "exclu[sion] from…participation in" and "deni[al] [of] the benefits of" state programs solely by reason of a disability. Under the § 504 regulations, when a handicapped individual is removed from a regular environment, the facility in which she is placed must still be "comparable" to that used by non-disabled students. 34 C.F.R. § 104.34(c).

98.     Plaintiff is informed and believes and therefore alleges that PQE is and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

17
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   has been at all relevant times the recipient of federal financial assistance, and that

2   they are therefore subject to the provisions of 29 U.S.C. § 794 that prohibits

3   recipients of federal financial assistance from denying equal access to its services to

4   disabled persons.

5      99. By their actions or inactions in denying equal access to educational

6   services and by subjecting Plaintiff A.S. to a hostile educational environment, PQE

7   has violated A.S.'s rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §

8   794, and the regulations promulgated thereunder.

9      100. PQE created a hostile learning environment by repeatedly improperly

10  and unnecessarily restraining A.S. routinely and repeatedly during her attendance at

11  PQE Depot Park, and for restraining her improperly and for excessive periods of

12  time.

13     101. PQE has further created a hostile learning environment by and through

14  the actions of its employees SMITH and DOES 1-13 who repeatedly grabbed A.S.

15  from under her arms, lifted her feet off the floor, and forcefully moved her at least 7

16  times in a 30-minute period, repeatedly forced A.S. down into her chair and when

17  A.S. attempted to get up held her causing A.S. to cry out in pain and repeatedly held

18  A.S. down on the ground aggressively against a mat not allowing her to move and

19  causing A.S. to cry and frantically beg to be let go all to punish A.S. in response to

20  behaviors which manifested from her disabilities.

21     102. As a result of Defendant PQE's failure to comply with their duty under

22  §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations

23  promulgated thereunder, Plaintiff A.S. has suffered damages including special and

24  general damages according to proof.

25         **FOURTH CAUSE OF ACTION**
26      **(Violation of § 504 of the Rehabilitation Act of 1973)**
27         **[A.S. vs. VUSD]**

28     103. Plaintiff refers to, and incorporates herein by reference, all of the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  preceding paragraphs as though fully set forth herein.

2      104.    Under § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §

3  794 ("§ 504"), a qualified individual with a disability may not, solely by reason of

4  his/her disability, be subjected to discrimination, excluded from participation in, or

5  denied the benefits of, any program or activity receiving Federal financial assistance.

6  29 U.S.C. § 794(a). As such § 504 prohibits not only "discrimination" against the

7  disabled, but also "exclu[sion] from…participation in" and "deni[al] [of] the benefits

8  of" state programs solely by reason of a disability. Under the § 504 regulations, when

9  a handicapped individual is removed from a regular environment, the facility in

10  which she is placed must still be "comparable" to that used by non-disabled students.

11  34 C.F.R. § 104.34(c).

12      105.    Plaintiff is informed and believes and therefore alleges that VUSD is

13  and has been at all relevant times the recipient of federal financial assistance, and

14  that they are therefore subject to the provisions of 29 U.S.C. § 794 that prohibits

15  recipients of federal financial assistance from denying equal access to its services to

16  disabled persons.

17      106.    VUSD knowingly subjected A.S. to excessive restraint based on her

18  disabilities.

19      107.    VUSD failed to provide A.S. equal access to free and appropriate

20  education based on her disabilities by placing her at PQE Depot Park knowing that

21  she would be subjected to a hostile educational environment because of her

22  disabilities and by continuing her placement  at PQE despite the knowledge  that

23  special needs students, including A.S., were being  abused by PQE staff.

24      108.    Non-disabled students were not subjected to similar acts of abuse and

25  unconstitutional restraints. Because of this, the educational environment in which

26  Plaintiff was placed by reason of her disability was not comparable to those provided

27  to non-disabled students.

28      109.    As a result of VUSD's failure to comply with its duty under §504 of the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

19
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, Plaintiff A.S. has suffered damages including special and general damages according to proof.

### FIFTH CAUSE OF ACTION
#### (Negligence)
#### [A.S. vs. All Defendants]

110.    Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

111.    Plaintiff alleges that Defendants, and each of them, owed Plaintiff a duty of care to adequately supervise A.S. and to place her in an appropriate educational environment that was safe and free from danger and abuse.

112.    Plaintiff further alleges that Defendants owed a duty to Plaintiff to anticipate the wrongful acts of a third person, as such acts were reasonably foreseeable. Plaintiff alleges that the risk of harm to Plaintiff was sufficiently high, and the burden on Defendants to protect against harm was sufficiently low, so as to impose upon Defendants a duty to protect Plaintiff.

113.    Defendants, and each of them, breached their duties to Plaintiff when they, *inter alia*:

a.    Failed to comply with its duty to monitor and supervise the use of emergency behavioral interventions in nonpublic schools under Cal. Ed. Code §56521(b);

b.    Failed to comply with mandatory reporting requirements pursuant to California Education Code sections 49006 and 56521.1(e)-(g);

c.    Failed to comply with California Education Code section 56520(b)(1)-(2);

d.    Negligently trained, supervised, managed, and hired employees;

e.    Violated the rights of A.S. as set forth in the California Constitution, Article 1 section 28(f)(1), Right to Safe Schools;

f.    Failed to properly investigate or respond to assaults on A.S. at PQE;

g.    Failed to properly re-train or discipline SMITH and DOES 1-13;

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1    h.    Failed to implement and/or follow safety procedures and protocol;

2    i.    Failed to comply with policies and regulations of VUSD and/or the

3  Solano County Office of Education regarding documenting, reporting and responding

4  to staff's use of Behavior Emergency Interventions;

5    j.    Failed to comply with their mandatory duty to timely report all

6  suspected child abuse to law enforcement, thereby exposing A.S. to additional risk of

7  injury and attendant damages;

8    k.    Failed to implement, comply with or enforce the relevant provisions of

9  A.S. Individualized Education Plan, and/or Behavior Intervention Plans;

10    l.    Failed to promptly notify A.S.'s parents of the abuse; and

11    m.    Failed to warn Plaintiff of the risk of physical and psychological harm at

12  PQE.

13    114.    Plaintiff alleges that she suffered serious emotional distress.

14    115.    Plaintiff alleges that Defendants' negligence was a substantial factor in

15  causing her harm.

16    116.    Pursuant to Government Code section 815.6, Defendants may be liable

17  with respect to the aforementioned mandatory duties because they were designed to

18  protect against the very kind of injury that Plaintiff suffered as a result of

19  Defendants' conduct.

20    117.    The breaches of the foregoing duties by Defendants created a

21  foreseeable risk of the particular type of harm which occurred to Plaintiff, such harm

22  which was likely to occur in the absence of adequate safeguards or supervision. Thus,

23  Defendants knew, or should have known, that Plaintiff A.S. was subject to an

24  unreasonable risk of harm such that Defendants should have taken preventative

25  measures. Further, Plaintiff alleges that negligence by employees of VUSD and PQE

26  give rise to vicarious liability pursuant to Government Code section 815.2 (a).

27    118.    On information and belief, VUSD and PQE are vicariously liable for the

28  negligent conduct of its employees who were aware of SMITH and DOES 1-13's abuse

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

21
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

of A.S. and other disabled students but failed to report the abuse in violation of their mandatory duty under Penal Code section 11165, *et seq*.

119.    Defendants owed Plaintiff A.S. a duty of reasonable care. Due to A.S.'s status as a minor, Defendants owed a greater degree of care because "children . . . lack capacity to appreciate risk and to avoid danger." *McDaniel v. Sunset Manor Co.* (1990) 220 Cal.App.3d 1, 7.

120.    On information and belief, Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights.

121.    As a result, Plaintiff is entitled to punitive damages against PQE, BOOMER and DOES 14-30.

122.    On information and belief, as a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

123.    As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff incurred special and general damages, the precise amount of which will be proven at trial.

124.    On information and belief, the conduct of Defendants as described herein was done with a conscious disregard of A.S.'s right to safety in school, guaranteed by the California Constitution, such as to constitute oppression, fraud, or malice under Code of Civil Procedure section 3294, and on information and belief, PQE, BOOMER and DOES 14-30 knew, authorized, ratified, and/or perpetrated the oppression, fraud, or malice, entitling Plaintiff to punitive damages against all non-public entity Defendants.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

22
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**(Negligent Hiring, Supervision, or Retention of Employee)**
**[A.S. vs. VUSD and PQE]**

125.    At all relevant times, VUSD and PQE had a legal duty to protect and supervise the students in their care, including Plaintiff A.S. In executing these duties, VUSD and PQE additionally owed a duty to exercise reasonable care in the hiring, supervision, training and retention of their employees. This duty includes ensuring that staff are competent in the performance of their duties. School administrators must ensure that policies and procedures are followed by school employees and that such employees have the requisite knowledge and training. *Virginia G. v. ABC Unified School District* (1993) 15 Cal.App.4th 1848, 1855.

126.    A school district or county office of education may be directly liable for the negligence of its administrators and supervisors in hiring, supervising and retaining a school employee who abuses a student. *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 879.

127.    Plaintiff alleges that she was harmed by the conduct of BOOMER, SMITH and DOES 1-30, while A.S. was enrolled as a student in VUSD and placed at PQE Depot Park. Additionally, Plaintiff alleges that VUSD and PQE are responsible for this harm because BOOMER, SMITH and DOES 1-30, were negligently hired, supervised, trained and/or retained by VUSD and PQE.

128.    On information and belief, having a continuous duty to supervise staff members in order to ensure they are competently performing their duties, VUSD and PQE knew or should have known that that BOOMER, SMITH and DOES 1-30 were, or became, unfit and/or incompetent to perform the work for which they were hired and were unfit and/or incompetent to carry out the above-mentioned duties, as alleged herein, thereby posing a particular risk to students, including A.S. Plaintiff alleges that BOOMER, SMITH and DOES 1-30's unfitness and/or incompetence harmed Plaintiff. Further, Plaintiff alleges that VUSD and PQE knew, or should have known, that BOOMER, SMITH and DOES 1-30, posed a particular risk to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1    students because they failed to immediately report the subject incidents to the proper

2    authorities, thereby exposing A.S. and other nonverbal disabled students at PQE to

3    additional risk of further injuries and attendant damages.

4       129.    Despite having a heightened duty, VUSD and PQE failed to exercise

5    reasonable care in the hiring, supervision, and retention of their employees.

6    Specifically, VUSD and PQE breached the duties owed to Plaintiff when they, *inter*

7    *alia*:

8           a.    Failed to supervise administrators, teachers, aides, paraeducators

9                 and staff in the performance of their duties;

10          b.    Failed to ensure administrators, teachers, aides, paraeducators

11                and staff had the requisite knowledge and/or training to

12                competently carry out their duties in violation of California

13                Education Code section 56520(b)(5);

14          c.    Failed to ensure that administrators, teachers, aides,

15                paraeducators and staff followed school district board policies

16                (Vacaville Unified School District Board Policy Nos. 4119.21,

17                5131.2, 5145.3, 5141.4, 5137), and administrative regulations

18                (Solano County Office of Education Administrative Policy Nos.

19                5020, 5131, 5131.2, 5131.41, 5145.3, 5145.6) designed for the

20                safety and protection of disabled students;

21          d.    Failed to ensure that administrators, teachers, aides,

22                paraeducators and staff complied with California Education Code

23                section 56520(b)(1)-(3);

24          e.    Failed to ensure that administrators, teachers, aides,

25                paraeducators complied with all of the provisions of A.S.'s IEP

26                and Behavior Intervention Plan;

27          f.    Failed to ensure that administrators, teachers, aides,

28                paraeducators complied with mandatory requirements to report

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    Emergency Behavior Interventions pursuant to California

2    Education Code sections 49006 and 56521.1(e)-(g);

3    g.    Failed to properly document, investigate or report the known

4        abuse of students by SMITH and DOES 1-13, including the abuse

5        of A.S.; and

6    h.    Failed to comply with their mandatory duty to timely report all

7        incidents of suspected child abuse to law enforcement as required

8        by Penal Code §§ 11166 *et seq.*

9    130.    VUSD and PQE's negligence in hiring, supervising and/or retaining

10   BOOMER, SMITH and DOES 1-30 was a substantial factor in causing Plaintiff's

11   harm.

12

13   **SIXTH CAUSE OF ACTION**
     **(Battery)**
     **[A.S. vs. SMITH and DOES 1-13]**

14

15   131.    Plaintiff refers to, and incorporates herein by reference, all of the

16   preceding paragraphs as though fully set forth herein.

17   132.    As set forth in this Complaint, SMITH and DOES 1-13 committed

18   battery against Plaintiff A.S. when they touched her with the intent to harm or

19   offend.

20   133.    In California, a battery is a violation of an individual's interest in

21   freedom from intentional, harmful or offensive unconsented contacts with his or her

22   person. *Rains v. Superior Court* (1984) 150 Cal.App.3d 933, 938. The willful use of

23   force upon another is also a criminal offense under Penal Code section 242.

24   134.    Plaintiff A.S. did not consent to the touching.

25   135.    Plaintiff A.S. was harmed and offended by the conduct of SMITH and

26   DOES 1-13.

27   136.    Plaintiff A.S. alleges that a reasonable person in her situation would be

28   offended by the touching.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

25
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

137.   Defendant PQE is vicariously liable for the claims against its employees which occurred during the course and scope of their employment.

138.   As a direct, proximate, and foreseeable result of Defendants' conduct, A.S. has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

139.   As a direct, proximate, and foreseeable result of Defendants' conduct, A.S. has incurred special and general damages, the precise amount of which will be proven at trial.

140.   Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring A.S., and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of A.S.'s rights. As a result, A.S. is entitled to punitive damages against SMITH and DOES 1-13.

## SEVENTH CAUSE OF ACTION
### (Violation of California Education Code § 220)
### [A.S. vs. VUSD, PQE]

141.   Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

139.   On information and belief, VUSD and PQE receive state financial assistance in connection with the provision of special education services to students, including A.S., due to the students' disabilities.

140.   California Education Code Section 220 provides that "No person shall be subjected to discrimination on the basis of disability . . . in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

141.   A plaintiff may maintain an action for monetary damages against a school when the plaintiff alleges that she suffered severe, pervasive conduct that

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

26
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  effectively deprived the plaintiff of the right of equal access to educational benefits

2  and opportunities; the school had actual knowledge of the conduct; and the school

3  district responded with deliberate indifference.  See, *e.g., Donovan v. Poway Unified*

4  *School Dist.*, 167 Cal.App.4th 567, 603-09 (2008).

5      142.    The acts and omissions of the District and PQE, which include the acts

6  and omissions of VUSD and PQE school administrators and employees, violated

7  Plaintiff's rights under California Education Code Section 220 by discriminating

8  against Plaintiff on the basis of her disabilities.

9      143.    PQE and its staff subjected Plaintiff to severe, pervasive and offensive

10  physical, emotional and psychological abuse in response to predicable, disability-

11  related behavior that did not constitute an emergency or serious threat of harm to

12  herself or others that would justify the use of physical force against her or restraint

13  of her freedom of movement.

14      144.    On information and belief, administrators and employees of the District

15  and PQE had actual knowledge that Plaintiff was being subjected to improper use of

16  restraints and force, including verbal, physical and psychological abuse at PQE Depot

17  Park by SMITH and DOES 1-13 on account of Plaintiff's disabilities.

18      145.    SMITH and DOES 1-13's conduct was so severe, pervasive, and

19  offensive that it effectively deprived Plaintiff of the right of full and equal access to

20  the educational benefits, programs, activities, and opportunities offered by the

21  District. Plaintiff was denied learning time and opportunities when she was

22  improperly restrained without justification for excessive amounts of time and further

23  denied learning time and opportunities when she was without a school following her

24  removal from PQE and prior to VUSD providing her another educational setting.

25      146.    District and PQE administrators and employees acted with deliberate

26  indifference to this known disability abuse of Plaintiff and other special needs

27  students at PQE. The response of administrators and employees of the District and

28  PQE  to the known disability abuse and the known likelihood of disability abuse at

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

27
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   PQE was clearly unreasonable in light of all the known circumstances.

2      147.    The deliberate indifference of administrators and employees of the

3   District and PQE to the known disability abuse of Plaintiff and the known likelihood

4   of abuse at PQE was the actual, direct, proximate and foreseeable cause of the

5   injuries suffered by Plaintiff as alleged herein.

6                        **EIGHTH CAUSE OF ACTION**

7      **(Violation of Mandatory Duty, California Penal Code § 11166)**
       **[A.S. vs. BOOMER, SMITH and DOES 1-30]**

8      142.    Plaintiff refers to, and incorporates herein by reference, all of the

9   preceding paragraphs as though fully set forth herein.

10     143.    Government Code section 815.6 states there is public entity liability for

11  failure to perform a mandatory duty "Where a public entity is under a mandatory

12  duty imposed by an enactment that is designed to protect against the risk of a

13  particular kind of injury, the public entity is liable for an injury of that kind

14  proximately caused by its failure to discharge the duty unless the public entity

15  establishes that it exercised reasonable diligence to discharge the duty." Gov. Code

16  section 815.6. Thus, the government may be liable when (1) a mandatory duty is

17  imposed by enactment, (2) the duty was designed to protect against the kind of injury

18  allegedly suffered, and (3) breach of the duty proximately caused injury." *State Dept.*

19  *of State Hospitals v. Superior Court*, 61 Cal.4th 339, 348 (2015).

20     144.    Under California Penal Code section 11166, "mandatory reporters" are

21  required to immediately or as soon as practicably possible report any known or

22  suspected child abuse or neglect. Mandatory reporters include, but are not limited to,

23  teachers, paraeducators, instructional aides, school staff and administrative officers.

24  Penal Code section 11165.7. Accordingly, responsible administrators and employees

25  of VUSD and PQE were at all relevant times herein, obligated to immediately report

26  all instances of suspected child abuse, including each of the abusive acts perpetrated

27  by SMITH and DOES 1-13 against Plaintiff A.S. and her classmates.

28     145.    Specifically, Plaintiffs allege that BOOMER, SMITH and DOES 1-30,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

28
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   were teachers, paraeducators, instructional aides, classified personal and/or

2   administrative officers of VUSD and PQE, who each had a mandatory duty to report

3   SMITH and DOES 1-13's abuse of A.S. under Penal Code section 11166.

4        146.   Plaintiff alleges that Defendants, and each of them, knew that A.S. was

5   the victim of abuse as defined by Penal Code sections 11165.3 and 11165.4, but failed

6   to comply with their mandatory duty to report the abuse to the agencies specified in

7   Penal Code section 11165.9, or otherwise report the information known to them as

8   required by Penal Code section 11166.

9        147.   It is the declared purpose of California's mandatory reporting statutes,

10  to protect minors, including A.S., from abuse. At all relevant times, Plaintiff A.S. was

11  a member of the class of persons for whom California's mandatory reporting statutes

12  were designed and enacted to protect. Further, the injuries that Plaintiff A.S.

13  suffered as a result of being physically assaulted by an adult, are the type of injuries

14  that the mandatory reporting statutes were designed and enacted to prevent.

15       148.   Plaintiff alleges that Defendants' failure to perform their mandatory

16  reporting duties was a substantial factor in causing her harm.

17       149.   As a direct, proximate, and foreseeable result of Defendants' conduct,

18  Plaintiff has suffered severe humiliation, mental anguish, and emotional and

19  physical distress, embarrassment, anger, loss of enjoyment of life, and she has been

20  injured in mind and body, the precise amount of which will be proven at trial.

21       150.   As a direct, proximate, and foreseeable result of Defendants' conduct,

22  Plaintiff has incurred special and general damages, the precise amount of which will

23  be proven at trial.

24                      **NINTH CAUSE OF ACTION**
                 **(Intentional Infliction of Emotional Distress)**
25                        **[A.S. vs. All Defendants]**

26

27       151.   Plaintiff incorporates the allegations contained in the preceding

28  paragraphs as though fully set forth herein.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

152.   Plaintiff alleges that SMITH and DOES 1-13 intentionally used improper use of restraints and force, including verbal, physical and psychological abuse, against Plaintiff A.S..

153.   Plaintiff was seriously harmed as result of the assault and battery perpetrated by SMITH and DOES 1-13 and there is no reasonable excuse for the misconduct which a reasonable juror could easily conclude was extreme and outrageous.

154.   On information and belief, the supervisory Defendants BOOMER and DOES 14-30's conduct was also extreme and outrageous, in that they failed to comply with their mandatory duty to report the abuse to law enforcement. Defendants further engaged in deliberate actions to deprive Plaintiff A.S. access to a school-based education and to prevent her from exercising her constitutional rights. As a whole and individually, Defendants' conduct was outrageous in that it was so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Hughes v. Pair* (2009) 46 Cal. 4th 1035, 1050-1051.

155.   Plaintiff alleges that Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

156.   Plaintiff alleges that she suffered severe emotional distress.

157.   As set forth in this Complaint, Defendants' conduct was a substantial factor in causing Plaintiff's harm.

158.   As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and have been injured in mind and body, the precise amount of which will be proven at trial.

159.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

30
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

160.　Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, on all theories of action as follows:

1.　For general damages within the jurisdiction of the Court according to proof;

2.　For all special damages, including but not limited to medical and incidental expenses according to proof, property damage and loss of use;

3.　For punitive damages against non-public entity Defendants, as permitted by law;

4.　For costs of suit herein;

5.　For attorneys' fees, as permitted by law;

6.　For prejudgment interest as permitted by law; and

7.　For such other and further relief as the Court deems proper.

Dated:　September 19, 2023　　　WALKUP, MELODIA, KELLY & SCHOENBERGER

By:
_____
KHALDOUN A. BAGHDADI
VALERIE N. ROSE
KATHERINE CONNOLLY
Attorneys for PLAINTIFF
A.S., A MINOR, BY AND THROUGH HER
GUARDIAN AD LITEM SHAWN SPRINGER

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL