UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. S.,<br><br>            Plaintiff,<br><br>    v.<br><br>POINT QUEST, et al.,<br><br>            Defendants. | No. 2:23-cv-02029-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendants Vacaville Unified School District ("VUSD") and Anastasia Boomer's ("Boomer") (collectively, "District Defendants") Motion to Dismiss (ECF No. 17) and Motion to Strike (ECF No. 18). Also before the Court are Defendants Point Quest and Hannah Smith's ("Smith") (collectively, "Point Quest Defendants") Motion to Dismiss (ECF No. 19) and Motion to Strike (ECF No. 20). All motions are fully briefed. (ECF Nos. 25–28, 32–35.) For the reasons set forth below, the Court: (1) GRANTS in part and DENIES in part District Defendants' motion to dismiss; (2) DENIES Point Quest Defendants' motion to dismiss; (3) GRANTS in part and DENIES in part District Defendants' motion to strike; and (4) DENIES Point Quest Defendants' motion to strike.

///

///

///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises out of incidents at an elementary school between a young student and her teacher. Point Quest is a non-public school for disabled students with special needs that contracts with VUSD to provide services otherwise unavailable within the school district. (ECF No. 4 at 2.) A.S. is a child with autism spectrum disorder and attended primary school within VUSD. (*Id.*) To meet A.S.'s educational needs, VUSD assigned A.S. to Point Quest's Depot Park campus in Sacramento, California where Smith was her teacher. (*Id.* at 2–3, 5.) At all relevant times, Point Quest employed Smith. (*Id.* at 2.)

Point Quest opened its special needs program at the Depot Park campus in March 2019.[2] (*Id.* at 5.) Prior to Point Quest, the Guiding Hands School ("GHS") managed and operated the Depot Park Campus until its closure in January 2019 after a GHS official utilized a prone restraint that resulted in the death of a disabled student.[3] (*Id.*) The State subsequently revoked GHS's license.[4] (*Id.*)

Plaintiff A.S., by and through her guardian ad litem Shawn Springer ("Plaintiff"), alleges Point Quest hired and retained former GHS staff, who each had a history of abusing disabled students, to work at the Depot Park campus. (*Id.* at 5–6.) According to Plaintiff, VUSD knew (or should have known) Point Quest hired and retained these individuals yet continued to assign disabled students to the Depot Park campus, placing these students at risk. (*Id.*) These risks materialized and resulted in two separate incidents of which Plaintiff complains.

The first incident occurred on December 16, 2021, where Smith and others allegedly held A.S. face down on the ground while restraining her extremities, causing scratches and bruises. (*Id.* at 2–3, 7.) The second incident occurred about a month later — January 24, 2022 — where

---

[1]   All allegations are taken from Plaintiff's First Amended Complaint ("FAC"). (ECF No. 4.)

[2]   Defendants move to strike this allegation. (*See* ECF Nos. 18, 20.)

[3]   Defendants move to strike this allegation. (*See* ECF Nos. 18, 20.)

[4]   Defendants move to strike this allegation. (*See* ECF Nos. 18, 20.)

Smith allegedly grabbed A.S. from under her arms and picked her up off the floor to forcefully move her to various locations on the campus at least seven times within a thirty-minute period. (*Id.* at 7–8.) Smith thereafter repeatedly forced A.S. down into her chair when attempting to leave her seat and aggressively held A.S. down on the ground against a mat, causing her to cry out in pain and beg to be let go. (*Id.* at 8.)

Plaintiff alleges Boomer — a behavioral analyst employed by VUSD to monitor and supervise students at Point Quest — witnessed both incidents and VUSD knew about them. (*Id.* at 2–3, 7–9.) Nevertheless, Plaintiff avers Boomer and VUSD concealed the abuse, failed to investigate or report the incidents, and did not discipline the responsible individuals. (*Id.* at 8.) Other students at the Depot Park campus allegedly experienced similar bouts of abuse, all of which occurred because, among other things, Point Quest provided inadequate restraint training to its Depot Park campus staff. (*Id.* 7–9.) The abuse continued unreported for an extended period until Boomer finally reported the incidents to VUSD in February 2022. (*Id.* at 9.) A.S. was eight years old and functionally nonverbal at the time of the incidents. (*Id.* at 4, 9.)

On September 19, 2023, Plaintiff initiated this action against District Defendants and Point Quest Defendants (collectively, "Defendants"), alleging several causes of action. (ECF No. 1.) Plaintiff filed the operative FAC against Defendants the next day, alleging: (1) violation of 42 U.S.C. § 1983 ("§ 1983"); (2) violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) ("ADA"); (3) violation of § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act")[5]; (4) violation of § 504 of the Rehabilitation Act[6]; (5) negligence; (6) negligent hiring, supervision, or retention of an employee[7]; (7) battery; (8) violation of California Education Code § 220; (9) violation of a mandatory duty and California Penal Code § 11166; and (10) intentional infliction of emotional distress ("IIED"). (ECF No. 4.)

---

[5] Plaintiff's third cause of action is against Point Quest. (ECF No. 4 at 17.)

[6] Plaintiff's fourth cause of action is against VUSD. (*Id.* at 18.)

[7] Plaintiff's sixth cause of action for negligent hiring, supervision, or retention of an employee is not numbered, throwing off the numbering for all subsequent causes of action. The Court nevertheless construes Plaintiff's negligent hiring claim as its sixth cause of action and counts numerically thereafter.

District Defendants filed the instant motions to dismiss (ECF No. 17) and strike (ECF No. 18) the FAC on November 14, 2023. Point Quest Defendants filed their motions to dismiss (ECF No. 19) and strike (ECF No. 20) the FAC on November 16, 2023. All motions are fully briefed. (ECF Nos. 25–28, 32–35.)

**II.  MOTIONS TO DISMISS**

A.  Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4

1   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
2   statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences
3   are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355,
4   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
5   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
6   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
7   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

8   Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
9   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
10  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
11  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
12  680. While the plausibility requirement is not akin to a probability requirement, it demands more
13  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
14  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
15  experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or
16  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
17  dismissed. *Id.* at 680 (internal quotations omitted).

18  "Generally, district courts may not consider material outside the pleadings when assessing
19  the sufficiency of a complaint under Rule 12(b)(6) … ." *Khoja v. Orexigen Therapeutics, Inc.*,
20  899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.
21  2001)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and
22  judicial notice under Federal Rule of Evidence 201." *Id.* In either case, allegations or facts
23  within matters that are properly judicially noticed or incorporated by reference become part of the
24  complaint itself. *Id.* at 998–1003.

25  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
26  amend even if no request to amend the pleading was made, unless it determines that the pleading
27  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
28  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

*see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

        B.     <u>Analysis</u>

            1.     District Defendants' Motion to Dismiss

District Defendants move to dismiss Plaintiffs' FAC, arguing: (1) all state-law claims are barred for failure to comply with the California Government Claims Act; (2) Plaintiff's § 1983 claim fails as a matter of law against Boomer because she was not Smith's supervisor and did not engage in any deprivation of rights; (3) Plaintiff's ADA and Rehabilitation Act claims fail because Plaintiff fails to allege intentional discrimination by reason of her disability; and (4) even if Plaintiff's state-law claims were not barred, Plaintiff fails to plead sufficient facts to support any state-law claim against VUSD and Boomer. (ECF No. 17-1 at 4–12.) The Court will address each of District Defendants' arguments in turn.

                  *a.*     *Government Claims Act*

Plaintiff's fifth, sixth, eighth, ninth, and tenth causes of action are state-law claims against VUSD and Boomer.[8] (ECF No. 4 at 20–29.) District Defendants move to dismiss these claims for failure to comply with the California Government Claims Act. (ECF No. 17-1 at 9–10.)

"In actions for damages against local public entities, the [Government Claims Act] require[s] timely filing of a proper claim as [a] condition precedent to the maintenance of the action." *City of San Jose v. Superior Ct.*, 12 Cal. 3d 447, 454 (1974) (citations omitted). "Compliance with the claims statutes is mandatory . . . and failure to file a claim is fatal to the cause of action." *Id.* However, "a claim need not be presented as a prerequisite to the

---

[8] As relevant to District Defendants' motion, Plaintiff's sixth and eighth causes of action are only against VUSD, and Plaintiff's ninth cause of action is only against Boomer. (ECF No. 4 at 20–29.) Plaintiff's fifth and tenth causes of action are against VUSD and Boomer. (*Id.*)

1 maintenance of an action against a public employee or former public employee for injury
2 resulting from an act or omission in the scope of his employment as a public employee." Cal.
3 Gov't Code § 950.

4     A claim must be presented to the public entity within six months of the claim's accrual
5 date. Cal. Gov't Code § 911.2(a). However, "a public entity 'shall' grant a late claim application
6 if '[t]he person who sustained the alleged injury . . . was a minor during all of the time . . . for the
7 presentation of the claim.'" *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 652
8 (2017) (quoting Cal. Gov't Code § 911.6(b)). "[I]f the entity 'fails or refuses to act' on a late
9 claim application, it 'shall be deemed to have been denied on the 45th day' after it is presented."
10 *Id.* (quoting Cal. Gov't Code § 911.6(c)). If an application for leave to present a claim is denied
11 or deemed to be denied pursuant to section 911.6, a petition may be made to one of the California
12 Superior Courts for an order relieving the petitioner from the presentment requirement of section
13 945.4. Cal. Gov't Code § 946.6. "The applicant has six months to seek relief in court after the
14 application to the [entity] is denied or deemed to be denied. The six-month period operates as a
15 statute of limitations. It is mandatory, not discretionary." *J.M.*, 2 Cal. 5th at 653 (citations and
16 internal quotations omitted)

17     The parties do not dispute that Plaintiff presented a late claim to VUSD. (ECF No. 4 at 4;
18 ECF No. 17-1 at 10.) Nor do the parties dispute that Plaintiff's claim was denied by operation of
19 law on December 5, 2022, because VUSD failed to act on the claim. (ECF No. 4 at 4; ECF No.
20 17-1 at 10.) District Defendants contend, however, that Plaintiff failed to comply with the
21 Government Claims Act because she did not seek relief from section 945.4 in state court. (ECF
22 No. 17-1 at 10.) District Defendants maintain Plaintiff's state-law claims against VUSD and
23 Boomer must be dismissed as a result. (*Id.*) Plaintiff does not oppose District Defendants'
24 motion to dismiss these claims. (ECF No. 26 at 2 n.1 ("Plaintiff does not oppose [District]
25 Defendants' Motion as to her state law claims against [District Defendants] . . . ."))

26     The Court agrees with District Defendants that all state-law claims against VUSD and
27 Boomer should be dismissed in light of Plaintiff's non-opposition. As will be discussed,
28 however, Plaintiff is entitled to amend any state-law claims against Boomer but not VUSD.

The record in the instant case is devoid of any indication that Plaintiff obtained — or even attempted to obtain — relief from state court on the late presentment of her claim to VUSD. Thus, Plaintiff's state-law claims against VUSD are barred. *J.M.*, 2 Cal. 5th at 651 (finding plaintiff's lawsuit is barred for failure to comply with the Government Claims Act). District Defendants contend Plaintiff never sought relief from state court and the six-month deadline to seek such relief has passed. (ECF No. 17-1 at 10.) Plaintiff does not dispute these facts. Therefore, the Court finds granting leave to amend any state-law claims against VUSD would be futile. However, the same result does not follow for Boomer.

As noted above, the Government Claims Act does not require the presentation of a claim before commencing a suit against a public employee for an alleged injury the public employee has caused. Cal. Gov't Code § 950. Thus, Plaintiff's purported failure to seek relief from section 945.4 — which requires the presentation of a claim before commencing suit against a public entity — in state court is immaterial. District Defendants fail to otherwise demonstrate Plaintiff's state-law claims against Boomer should be dismissed without leave to amend, particularly considering the Ninth Circuit's liberal amendment policy. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("[L]eave shall be freely given where justice so requires." (citation and internal quotations omitted)).

Accordingly, the Court DISMISSES Plaintiff's fifth, sixth, eighth, and tenth causes of action against VUSD *without leave* to amend, and DISMISSES Plaintiff's fifth, ninth, and tenth causes of action against Boomer *with leave* to amend. *See Theme Promotions, Inc.*, 546 F.3d at 1010 ("[L]eave to amend will not be granted where an amendment would be futile.").

### b. § 1983 claim against Boomer

Plaintiff's first cause of action is a § 1983 claim against Boomer, Smith, and DOES 1–30 for purportedly violating Plaintiff's Fourth Amendment rights. (ECF No. 4 at 11–15.) Plaintiff's § 1983 claim against Boomer is based on a supervisory liability theory.[9] (ECF No. 4 at 11–15.)

---

[9] The precise theory or theories of § 1983 liability Plaintiff alleged against Boomer are unclear. In her opposition, Plaintiff attempts to clarify that her § 1983 cause of action against Boomer is based upon supervisory liability and various theories of municipal liability, citing *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018). (*See* ECF No. 26 at 6–7.)

1  Plaintiff alleges Boomer supervised Smith and "knew that [her] subordinates, including Smith
2  and DOES 1–13, were engaging in [unconstitutional conduct] and knew or reasonably should
3  have known that" Smith's conduct would deprive Plaintiff of her Fourth Amendment rights. (*Id.*
4  at 12–13.) Notwithstanding this knowledge, Plaintiff avers Boomer refused to intervene or stop
5  Smith from violating Plaintiff's rights. (*Id.*)

6  "Under Section 1983, supervisory officials are not liable for actions of subordinates on
7  any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989) (citing
8  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). However, "[a] supervisor may be liable
9  if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a
10 sufficient causal connection between the supervisor's wrongful conduct and the constitutional
11 violation." *Id.* (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987)). "The requisite
12 causal connection can be established . . . by setting in motion a series of acts by others or by
13 knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or
14 reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez*,
15 891 F.3d at 798 (alterations in original) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir.
16 2011)). "Thus, a supervisor may 'be liable in his individual capacity for his own culpable action
17 or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the
18 constitutional deprivation; or for conduct that showed a reckless or callous indifference to the
19 rights of others.'" *Id.* (quoting *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018)).

20 District Defendants contend Plaintiff's claim fails because Boomer is not Smith's
21 supervisor.[10] (ECF No. 17-1 at 11.) Even if Boomer was Smith's supervisor, District Defendants

---

Because Boomer is an individual, however, Plaintiff may not premise her § 1983 claim on theories of *municipal* liability. In any event, Plaintiff may not add new theories of liability in an opposition motion, particularly when the allegations in support thereof are not pleaded or insufficiently pleaded in the operative pleading. *See, e.g.*, *Caldwell v. City of San Francisco*, No. 12-CV-01892-DMR, 2020 WL 7643124, at *11 (N.D. Cal. Dec. 23, 2020). The thrust of Plaintiff's allegations in the FAC is that Boomer supervised Smith and witnessed Smith's improper conduct toward Plaintiff yet failed to act. (ECF No. 4 at 11–15.) Accordingly, the Court construes Plaintiff's § 1983 cause of action against Boomer to be based only on a supervisory liability theory.

[10] District Defendants also argue Plaintiff's § 1983 claim based on a ratification theory fails for this same reason (i.e., that Boomer is not Smith's supervisor). (ECF No. 17-1 at 11–12.)

1  maintain Plaintiff's § 1983 claim fails because Boomer did not personally participate in the
2  alleged deprivation of Plaintiff's rights. (*Id.* at 12–13.)  In opposition, Plaintiff argues she
3  sufficiently alleged Boomer is Smith's supervisor, and that Boomer deprived Plaintiff of her
4  constitutional rights by acting with deliberate indifference to Plaintiff's abuse. (ECF No. 26 at 8–
5  11.)

The Court finds Plaintiff has sufficiently stated her § 1983 claim against Boomer based on a supervisory liability theory.  First, Plaintiff alleges Boomer supervised Smith. (ECF No. 4 at ¶ 73.)  While District Defendants dispute the accuracy of this characterization (ECF No. 17-1 at 11), at the motion to dismiss stage, the Court must accept this allegation as true, *see Iqbal*, 556 U.S. at 678.  Second, the Court finds Plaintiff has alleged a sufficient causal connection between Boomer's wrongful conduct and the purported constitutional violation.  As noted above, the causation element is met where a supervisor knowingly refuses to terminate a series of acts by a subordinate, which the supervisor knew or reasonably should have known would cause the subordinate to inflict a constitutional injury.  *Rodriguez*, 891 F.3d at 798.  In the instant case, Plaintiff alleges Boomer had knowledge of Smith's unconstitutional conduct toward Plaintiff but failed to intervene to stop the abuse or prevent its recurrence. (ECF No. 4 at ¶¶ 44, 67–82.)  Thus, Plaintiff's allegations are sufficient to state a claim against Boomer for supervisory liability for deliberate indifference.  *Starr*, 652 F.3d at 1208 (finding plaintiff sufficiently stated a claim of supervisory liability against the Sheriff).

Accordingly, the Court DENIES District Defendants' motion to dismiss Plaintiff's first cause of action under § 1983 against Boomer.

### c.  *ADA and Rehabilitation Act Claims*

Plaintiff's second cause of action is an ADA claim against VUSD based on a vicarious liability theory.  Plaintiff alleges she suffered from a disability and "VUSD excluded [her] from

---

Ratification is a theory of municipal liability. *Rodriguez*, 891 F.3d at 802.  As already discussed, however, Plaintiff's cause of action against Boomer may not be based on a theory of municipal liability, and the Court has already construed Plaintiff's § 1983 claim against Boomer to be based only on a supervisory liability theory.  *See supra* n.3.  Therefore, the Court declines to address District Defendants' ratification arguments.

10

participation in and denied her the benefits of the services, programs, or activities it provided . . . by placing her in an environment at [Point Quest] where [VUSD] knew she would be and was subjected to physical and psychological abuse . . . ." (ECF No. 4 at 16.)  Plaintiff alleges the abuse she endured at Point Quest was "all to punish [her] in response to behaviors which manifested from her disabilities." (*Id.*)

Plaintiff's fourth cause of action is a Rehabilitation Act claim against VUSD.  Plaintiff alleges "VUSD failed to provide [her with] equal access to free and appropriate education based on her disabilities by placing her at [the Depot Park campus] knowing that she would be subjected to a hostile educational environment because of her disabilities and by continuing her placement at [the Depot Park campus] despite the knowledge that special needs students … were being abused by [Point Quest] staff." (*Id.* at 19.)  According to Plaintiff, "VUSD knowingly subjected [her] to excessive restraint based on her disabilities." (*Id.*)

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim of disability discrimination under the ADA, a plaintiff must allege:

> (1) he is an individual with a disability;
>
> (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;
>
> (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
>
> (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982, 992 (9th Cir. 2013) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)).  The requirements to state a claim under the Rehabilitation Act are the same, "except that the plaintiff must also prove that the relevant program receives federal financial assistance." *Id.*

///

District Defendants principally contend Plaintiff fails to satisfy the fourth prong. (ECF No. 17-1 at 13–14.) Specifically, District Defendants argue "[n]ot only is it unclear exactly what Plaintiff is claiming [Boomer] or [VUSD] did to Plaintiff at all, Plaintiff does not allege any non-conclusory facts that show any reasonable plausibility that [VUSD] or [Boomer] did anything whatsoever 'by reason of' Plaintiff's disability at any time, nor that any [VUSD] employee, including [Boomer], did anything to intentionally discriminate against Plaintiff at any time." (*Id.* at 14.) In opposition, Plaintiff contends she has adequately pleaded VUSD discriminated against her based on her disabilities, and that District Defendants' arguments to the contrary "ignore[] both the applicable law and the allegations in Plaintiff's FAC." (ECF No. 26 at 11–12.)

The Court finds Plaintiff has sufficiently stated her Rehabilitation Act claim but not her ADA claim. In paragraph 106 of Plaintiff's FAC (Rehabilitation Act claim), Plaintiff plainly alleges "VUSD knowingly subjected [her] to excessive restraint *based on her disabilities*." (ECF No. 4 at ¶ 106 (emphasis added).) Likewise, paragraph 107 reads, "VUSD failed to provide [Plaintiff] equal access to free and appropriate education *based on her disabilities* by placing her at [the Depot Park campus] knowing that she would be subjected to a hostile educational environment *because of her disabilities* and by continuing her placement at [the Depot Park campus] despite the knowledge that special needs students, including [Plaintiff], were being abused by [Point Quest] staff." (*Id.* at ¶ 107 (emphasis added).) While Plaintiff does not use the words "by reason of," it is clear that Plaintiff's use of the words "based on" and "because of" operate as the functional equivalent in their respective sentences. And because District Defendants fail to cite any authority requiring those specific three words — "by reason of" — or precluding the use of "based on" or "because of," Defendants have failed to demonstrate Plaintiff's Rehabilitation Act claim is deficient.

However, Plaintiff's ADA claim is deficient. Nowhere in the factual allegations underlying Plaintiff's ADA claim is there an allegation that VUSD excluded, denied benefits, or discriminated against Plaintiff "by reason of" (or its functional equivalent) her disabilities under the ADA. And while Plaintiff incorporates by reference all preceding paragraphs into each cause of action (*see, e.g.*, ECF No. 4 at ¶ 83), all allegations demonstrating the requisite causal

12

connection (i.e., "by reason of" or its functional equivalent) come after Plaintiff's ADA claim. (*See id.* at ¶¶ 106–07, 146–47.) Thus, these allegations are not part of Plaintiff's ADA claim and Plaintiff has therefore failed to allege VUSD excluded, denied benefits, or discriminated against Plaintiff "by reason of" (or its functional equivalent) her disabilities.

Accordingly, the Court DISMISSES Paintiff's ADA claim with leave to amend but DENIES District Defendants' motion to dismiss Plaintiff's Rehabilitation Act claim.

### d. State-Law Claims

Finally, District Defendants contend that even if Plaintiff's state-law claims against VUSD and Boomer are not barred, Plaintiff has failed to plead sufficient facts to support them. (ECF No. 17-1 at 14–20.) Because the Court has already dismissed all state-law claims against VUSD and Boomer, however, the Court declines to address these arguments.

### 2. Point Quest Defendants' Motion to Dismiss

Point Quest Defendants move to dismiss Plaintiff's FAC, arguing: (1) Plaintiff's § 1983 claim against Smith fails because Smith was not acting under color of state law; (2) Plaintiff fails to state a claim upon which relief can be granted on her Rehabilitation Act claim; (3) Plaintiff fails to state a claim upon which relief can be granted on her eighth cause of action for a violation of California Education Code § 220; and (4) Plaintiff fails to state a claim upon which relief can be granted on her IIED claim. (ECF No. 19-1 at 9–19.) In opposition, Plaintiff contends, among other things, that the Court should deny Point Quest Defendants' motion to dismiss because it is untimely. (ECF No. 28 at 7–8.)

A motion to dismiss under Rule 12(b) must be made before the filing of a responsive pleading. Fed. R. Civ. P. 12(b); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). "[I]f an extension of time has been allowed for filing a responsive pleading, logic and reason would appear to dictate that the extension should apply to a motion as well." *Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1341 (9th Cir. 1976). Point Quest Defendants concede their motion is untimely but urge the Court not to deny their motion on timeliness grounds. (ECF No. 34 at 1–4.)

///

The Court finds Point Quest Defendants' motion to dismiss is untimely and should be denied on that basis. The parties in this case, including Point Quest Defendants, stipulated to a twenty-eight-day extension of time to file their responsive pleadings to Plaintiff's FAC on October 16, 2023, pursuant to Local Rule 144(a).[11] (ECF No. 12.) Thus, Point Quest Defendants had actual knowledge of their new deadline to file a motion to dismiss. Importantly, this new deadline would not have existed but for Point Quest Defendants' active efforts to change their deadline. Absent some extraordinary reason, Point Quest Defendants must be held to the deadline that they bargained for. Point Quest Defendants have failed to proffer any extraordinary reason.

Accordingly, the Court DENIES Point Quest Defendants' motion to dismiss.

### III. MOTIONS TO STRIKE

#### A. Standard of Law

Rule 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and first alteration omitted), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* (citation omitted). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted).

Because striking a portion of a pleading is a drastic remedy and because it is often sought by the moving party as a harassing tactic, motions to strike under Rule 12(f) are generally

---

[11] Local Rule 144(a) reads, "Unless the filing date has been set by order of the Court, an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation." E.D. Cal. L.R. 144(a). "All other extensions of time must be approved by the Court." *Id.*. "No open extensions of time by stipulation of the parties will be recognized." *Id.*

disfavored and infrequently granted. 5C Wright & Miller, Fed. Prac. & Proc. § 1380 (3d ed.). "However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981) (citing *Narragansett Tribe of Indians v. S. Rhode Island Land Dev. Corp.*, 418 F. Supp. 798, 801–02 (D. R.I. 1976)).

    B.  Analysis

      1.  District Defendants' Motion to Strike

District Defendants move to strike portions of Plaintiff's FAC, arguing: (1) Plaintiff has not pleaded any facts to support a claim for punitive damages as to Boomer; and (2) Plaintiff's allegations regarding students being abused at a completely different school are inflammatory, unnecessary, misleading, and unduly prejudicial. (ECF No. 18 at 2.) The Court addresses each argument in turn.

        *a.*  *Punitive Damages*

District Defendants contend Plaintiff fails to plead facts establishing Boomer acted with the requisite *mens rea* to recover punitive damages under California law and § 1983. (ECF No. 18-1 at 4–6.) Therefore, District Defendants argue Plaintiff's request for punitive damages must be stricken. (*Id.*) Plaintiff does not oppose District Defendants' motion to strike her request for punitive damages on her state-law causes of action. However, Plaintiff contends her FAC is replete with relevant factual allegations to support punitive damages under § 1983, citing various paragraphs of the FAC that purport to show Boomer acted with deliberate indifference under federal law. (ECF No. 25 at 6–8.)

The Court finds District Defendants have failed to demonstrate Plaintiff's request for punitive damages should be stricken. As a preliminary matter, all state-law claims against District Defendants have already been dismissed. Therefore, District Defendants' motion to strike the prayer for relief on those very claims is moot. Even if it were not, Rule 12(f) does not authorize the Court to strike a claim for damages on the ground that such damages are precluded. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010) ("We hold that Rule

12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law."). District Defendants' request to strike Plaintiff's claim for punitive damages on her § 1983 claim fails for this same reason.

Accordingly, the Court DENIES District Defendants' motion to strike Plaintiff's request for punitive damages.

### b. *Allegations Regarding Students at a Different School*

Paragraphs 22–24 and 26 of Plaintiff's FAC purport to describe the history of the Depot Park campus, including its prior operation by GHS and the incidents of students being physically assaulted that stemmed therefrom. (See ECF No. 4 at 5–6.) District Defendants contend these paragraphs contain allegations that are false or not relevant to the instant action and serve only to enflame the reader and therefore must be stricken. (ECF No. 18-1 at 6–7.) Plaintiff appears to oppose District Defendants' motion to strike before requesting leave to amend paragraphs 22–24 and 26. (ECF No. 25 at 8–12.) The Court construes Plaintiff's request for leave to amend these paragraphs as a non-opposition.

Accordingly, the Court GRANTS District Defendants' unopposed motion to strike paragraphs 22–24 and 26 of Plaintiff's FAC. Plaintiff may amend these paragraphs in any amended complaint.

### 2. Point Quest Defendants' Motion to Strike

Point Quest Defendants move to strike portions of Plaintiff's FAC, arguing primarily that: (1) paragraphs 22–24 and 26 are false, immaterial, and prejudicial; (2) Plaintiff's request for punitive damages on her negligence and IIED claims are unsubstantiated; (3) Plaintiff's sixth cause of action for negligent hiring, supervision, or retention of an employee is confusing and unclear; and (4) Plaintiff's seventh cause of action for battery is confusing and unintelligible. (ECF No. 20 at 1–2.) The Court addresses each argument in turn.

### a. *Allegations Regarding Students at a Different School*

Point Question Defendants contend paragraphs 22–24 and 26 of Plaintiff's FAC, discussed above, should be stricken because the allegations are immaterial to this matter and are intended only to obtain improper media attention and confuse the jury about the true issues in this

case. (ECF No. 20-1 at 3.) In opposition, Plaintiff contends these paragraphs are directly relevant to several of her causes of action to demonstrate Point Quest Defendants had a pattern and practice of acting with deliberate indifference to the constitutional violations of disabled students' rights, thereby ratifying the conduct. (ECF No. 27 at 7–8.)

Because the Court has already stricken paragraphs 22–24 and 26 from Plaintiff's FAC, the Court DENIES Point Question Defendants' motion to strike these same paragraphs as moot. Paragraphs 22–24 and 26 of Plaintiff's FAC remain STRICKEN. However, Plaintiff may amend these paragraphs in any amended complaint.

### b. *Punitive Damages*

Like District Defendants, Point Quest Defendants contend Plaintiff's claim for punitive damages must be stricken because Plaintiff fails to allege Point Quest Defendants acted with the requisite *mens rea*. (ECF No. 20-1 at 7–8.) And like District Defendants, this argument is untenable. *Whittlestone, Inc.*, 618 F.3d at 976 ("We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law.").

Accordingly, the Court DENIES Point Question Defendants' motion to strike Plaintiff's request for punitive damages.

### c. *Negligent Hiring, Supervision, or Retention Claim*

Plaintiff's sixth cause of action is a claim for negligent hiring, supervision, or retention of an employee. (ECF No. 4 at 23–25.) As discussed above, *supra* footnote 5, Plaintiff failed to give this cause of action a number in her FAC. As a result, Point Quest Defendants contend this cause of action is unclear and therefore should be stricken. (ECF No. 20-1 at 8–9.) In opposition, Plaintiff argues the Court should not strike this cause of action because Point Quest Defendants ignored her request to amend her FAC to include a number for this cause of action. (ECF No. 27 at 9–10.)

The Court finds Point Quest Defendants have failed to demonstrate this cause of action should be stricken. A pleading may only be stricken under Rule 12(f) for five reasons — pleading contains (1) an insufficient defense; (2) redundant matter (3) immaterial matter; (4)

17

impertinent matter; or (5) scandalous matter — and lack of clarity is not one of them. *See* Fed. R. Civ. P. 12(f); *Whittlestone, Inc.*, 618 F.3d at 973–74 (discussing five categories under Rule 12(f)). If a pleading is so unclear that a party cannot reasonably prepare a response, a motion is properly brought under Rule 12(e), not Rule 12(f). *See* Fed. R. Civ. P. 12(e).

Accordingly, the Court DENIES Point Quest Defendants' motion to strike Plaintiff's sixth cause of action for negligent hiring, supervision, or retention of an employee.

### d. Battery Claim

Plaintiff's seventh cause of action is a battery claim. (ECF No. 4 at 25–26.) The heading for this cause of action only lists Smith while the underlying allegations allege Smith committed a battery and Point Quest is vicariously liable for Smith's conduct. (*Id.*) Point Quest Defendants argue the Court should strike this claim because it is confusing and unintelligible. (ECF No. 20-1 at 9.) In opposition, Plaintiff contends she offered to amend her pleading to add Point Quest in the heading, but Point Quest Defendants ignored her. (ECF No. 27 at 10.) Plaintiff further contends that it is apparent from Point Quest Defendants' motion to dismiss, filed concurrently with their motion to strike, that they understand the issues at hand and have been placed on notice as to which theories of liability are pleaded against them. (*Id.*)

The Court finds Point Quest Defendants have failed to demonstrate Plaintiff's battery cause of action should be stricken. Point Quest Defendants' entire argument consists of twenty-nine words. (ECF No. 20-1 at 9.) None of those words discuss how Plaintiff's battery cause of action constitutes an insufficient defense, redundant matter, immaterial matter, impertinent matter, or scandalous matter. In the absence of any meaningful analysis, it is unclear to the Court why Plaintiff's battery claim should be stricken under Rule 12(f).

Accordingly, the Court DENIES Point Quest Defendants' motion to strike Plaintiff's seventh cause of action for battery.

///

///

///

///

### IV. CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS in part District Defendants' Motion to Dismiss (ECF No. 17) and DISMISSES: (a) Plaintiff's fifth, sixth, eighth, and tenth causes of action against VUSD *without* leave to amend, and (b) Plaintiff's fifth, ninth, and tenth causes of action against Boomer *with* leave to amend;

(2) DENIES in part District Defendants' Motion to Dismiss Plaintiff's first cause of action under § 1983 against Boomer (*id.*);

(3) DENIES Point Quest Defendants' Motion to Dismiss (ECF No. 19);

(4) GRANTS in part District Defendants' Motion to Strike (ECF No. 18) and STRIKES paragraphs 22–24 and 26 of Plaintiff's FAC;

(5) DENIES in part District Defendants' Motion to Strike Plaintiff's request for punitive damages (*id.*); and

(6) DENIES Point Quest Defendants' Motion to Strike (ECF No. 20).

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file any responsive pleadings not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint. If Plaintiff opts not to file an amended complaint, this action will proceed on Plaintiff's remaining causes of action. Defendants shall file answers not later than twenty-one (21) days from Plaintiff's deadline to file an amended complaint.

IT IS SO ORDERED.

Date: September 30, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE