UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., | Case No. 2:23-cv-2029-TLN-CSK |
| Plaintiff, | |
| v. | ORDER RE: SUPPLEMENTAL BRIEFING |
| POINT QUEST, VACAVILLE UNIFIED SCHOOL DISTRICT, ANASTASIA BOOMER, and HANNAH SMITH, | (ECF No. 67) |
| Defendants. | |

Plaintiff A.S., a minor, by and through her Guardian ad Litem SHAWN SPRINGER, Defendants POINT QUEST and HANNAH SMITH ("Point Quest Defendants"), and Defendants VACAVILLE UNIFIED SCHOOL DISTRICT ("VUSD") and ANASTASIA BOOMER ("Vacaville District Defendants") have submitted a filing titled "Supplemental Briefing Re: FERPA Coverage and Related Issues."[1] (ECF No. 67.) While the parties have presented various arguments, the Family Educational Rights and Privacy Act of 1974 ("FERPA") issues raised in the supplemental brief are not properly before the Court for decision and the supplemental brief includes a new issue raised for the first time regarding the California Education Code. *See* Supp. Br. at 6, 8-9, 13-14.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

The Court declines to make a determination on the scope of FERPA or the California Education Code based on the incomplete and insufficient record before the Court.[2]

Both sides (Plaintiff and both sets of Defendants) appear to have taken what appear to be extreme positions: both sets of Defendants essentially argue that almost all the records sought in discovery by Plaintiff are subject to FERPA, and the Vacaville District Defendants also make arguments regarding the California Education Code that appear to practically expand FERPA's scope even further; and Plaintiff essentially argues that almost none of the records they seek in discovery are subject to FERPA. The Court is concerned that the positions taken by both sides suggest efforts by Defendants to delay responding to Plaintiff's discovery requests by construing FERPA as broadly as possible, and efforts by Plaintiff to avoid the application of FERPA by construing it as narrowly as possible.

The Court is further concerned that the parties continue to fail to adequately meet and confer to resolve discovery issues <u>without</u> seeking court intervention. The Court has already addressed and resolved two separate discovery motions regarding Plaintiff's requests for documents to the Point Quest Defendants.[3] These motions were heavily litigated with significant time spent in court, and significant time expended by the Court to review, address, and resolve. (*See* ECF Nos. 42, 43, 45, 47, 48-51, 55-57, 62, 65.)

By this time, all Defendants should have made a good faith and diligent effort to identify and collect documents responsive to Plaintiff's discovery requests, which were first served over four months ago on May 28, 2024, and have been subsequently modified and addressed by the Court through the above referenced discovery motions.

<u>All</u> parties are warned that they need to make forward progress on Plaintiff's document requests, including <u>sufficiently</u> meeting and conferring <u>by phone, video, or in-</u>

---

[2]  For example, Defendants have not identified what actual documents they have, where and how those documents are maintained, what is comprised in a student's file, or how and where student files are maintained.

[3]  While the Vacaville District Defendants were not involved in these discovery disputes, Plaintiff has represented that she has served substantially similar document production requests on the Vacaville District Defendants.

<u>person</u> in good faith to compromise and reach resolution of their discovery disputes with minimal court intervention.[4] So far, Plaintiff and the Point Quest Defendants have presented discovery disputes to the Court before the parties adequately met and conferred to resolve the disputes. Unfortunately, the supplemental briefing on FERPA issues appears to continue this pattern for all parties.

If the parties are not able to resolve their dispute regarding the scope of FERPA and the California Education Code as related to Defendants' documents responsive to Plaintiffs' discovery requests after a <u>thorough and genuine</u> meet and confer by phone, video, or in-person, the parties may file a motion and Joint Statement Re Discovery Disagreement pursuant to Local Rule 251 and this Court's Civil Standing Orders. The Court should not have to examine and assess every category or potential category of documents sought in discovery that may or may not be subject to FERPA and/or the California Education Code. If additional discovery disputes are raised with the Court that do not demonstrate sufficient meet and confer efforts to resolve the dispute without court intervention, the parties are warned that the Court will summarily deny these for failure to comply with the Court's orders.

Dated:  October 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

---

[4] This includes Plaintiff. For example, it is unclear why Plaintiff would not agree to use a notification procedure similar to the one that all parties have already agreed to use for FERPA notifications (*see* ECF Nos. 66 and 67) if notifications are required under the California Education Code. *See* Supp. Br. at 9-10.