UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., | Case No. 2:23-cv-2029-TLN-CSK |
| Plaintiff, | |
| v. | ORDER RE: PLAINTIFF'S MOTION TO COMPEL VACAVILLE UNIFIED SCHOOL DISTRICT |
| POINT QUEST, VACAVILLE UNIFIED SCHOOL DISTRICT, ANASTASIA BOOMER, and HANNAH SMITH, | |
| | (ECF No. 74) |
| Defendants. | |

Plaintiff A.S., a minor, by and through her Guardian ad Litem SHAWN SPRINGER, has filed a motion to compel Defendant VACAVILLE UNIFIED SCHOOL DISTRICT ("VUSD") to produce documents in response to Plaintiff's Requests for Production ("RFP") Set One, Nos. 7-17. (ECF No. 77.) A hearing was held on June 3, 2025, at which counsel Valerie Rose appeared for Plaintiff and counsel Kristen Caprino appeared for VUSD. The Court ruled from the bench, GRANTING IN PART and DENYING IN PART Plaintiff's motion to compel. The Court summarizes its ruling in this written order.

**I.     LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery...." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under the Federal Rules of Civil Procedure, a party must produce relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

**II.   ORDER**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel (ECF No. 74) as follows:

A. <u>Verified Responses</u>

Plaintiff's request for verified responses to its RFPs is denied. Rule 33, which governs requests for documents, does not include a verification, unlike Rule 34, which governs interrogatories. Fed. R. Civ. P. 33(b); *see* Fed. R. Civ. P. 34.

B. <u>E-mails</u>

To the extent VUSD has e-mails that are responsive to RFP Nos. 7-17, VUSD must produce those e-mails and any associated attachments in native format unless the e-mail requires redaction (e.g., redaction of non-party minor names). Any e-mails that require redaction may be produced in PDF format, as those emails cannot be produced in native format.

C. <u>RFP No. 7</u>

The Court DENIES the motion to compel as to RFP No. 7. At the hearing, VUSD confirmed that it has produced all responsive documents and that it is not withholding documents based on its stated objections. At the hearing, Plaintiff confirmed that it had

2

no evidence to suggest that VUSD had responsive documents that it was not producing.

D. RFP Nos. 8 and 9

The Court GRANTS IN PART and DENIES IN PART the motion to compel as to RFP Nos. 8 and 9. VUSD has responded that it has produced all responsive documents to both RFPs. VUSD offered to supplement its RFP responses to RFP Nos. 8 and 9 to confirm that no documents are being withheld on the basis of VUSD's objections. VUSD is ordered to supplement its response to RFP Nos. 8 and 9 with this confirmation.

E. RFP No. 10

The Court GRANTS IN PART and DENIES IN PART the motion to compel as to RFP No. 10. The RFP, as currently drafted, is overbroad and not proportional to the needs of the case. The Court previously addressed Behavior Emergency Reports ("BERs") in prior discovery motions brought by Defendant Point Quest related to Plaintiff's RFPs to Point Quest, and will follow a similar approach to ensure consistency and fairness. (*See* ECF Nos. 47, 54, 60, 62.)

VUSD is ordered to produce BERs from August 2020 to 2022 that were completed by Point Quest staff who worked with Plaintiff during the 2021-2022 school year relating to VUSD students (the names of non-party minors may be redacted to initials) who were classmates of Plaintiff from August 2020 to 2022.

Plaintiff must amend RFP No. 10 following the limitations set forth above.

F. RFP No. 11

The Court GRANTS IN PART and DENIES IN PART the motion to compel as to RFP No. 11. The RFP, as currently drafted, is overbroad and not proportional to the needs of the case.

VUSD is ordered to produce all writings from August 2020 to 2022 related to restraint of VUSD students (the names of non-party minors may be redacted to initials) by PQE staff for the Depot Park campus for the following custodians: Defendant Anastasia Boomer, Erin Schroeder, Aumrey Moland, Michael Kitzes, and Kara Cooper. Among the nineteen (19) custodians requested in the Joint Discovery Statement, Plaintiff

identified these five (5) custodians at the hearing to narrow RFP No. 11. VUSD will use the following search terms: "restrain!" AND "PQE" or "Point Quest" or "PQ" or "quest" or "depot park" or "Hannah" or "Hannah Smith" or 22-132327 or 22-24288 or 22-22519. At the hearing, Plaintiff confirmed that the numbers 22-132327, or 22-24288 or 22-22519 refer to the report numbers for Sacramento Police Department records related to Plaintiff. The Court orders VUSD to produce responsive documents, noting VUSD's concern that certain responsive documents may fall under California Penal Code § 11167.5. The Court further notes that given that Plaintiff has already received the Sacramento Police Department reports, it appears unlikely that VUSD's writings referring to these reports actually fall under § 11167.5.

Plaintiff must amend RFP No. 11 following the limitations set forth above.

To the extent VUSD determines that an e-mail responsive to RFP No. 11 (as modified by the Court's order) requires notification to the parent or guardian, VUSD will provide the attached notice to the parent or guardian, which was agreed upon at the hearing. *See* Att. A. At the hearing, Plaintiff and VUSD agreed that California Education Code, *see* Cal. Educ. Code § 49077, does not require providing a parent or guardian with the opportunity to object to disclosure.

G. <u>RFP No. 12</u>

At the hearing, Plaintiff and VUSD confirmed that only e-mails remained at issue for RFP No. 12.

The Court GRANTS IN PART and DENIES IN PART the motion to compel as to RFP No. 12. At the hearing, Plaintiff agreed to VUSD's proposal that the time period for e-mails be limited to 2019 to September 2023. VUSD is ordered to search for responsive e-mails using various combinations of Plaintiff's name, and if a student identification number is used for Plaintiff, Plaintiff's student identification number, and to provide Plaintiff with the list of search terms used. VUSD is not required to search for only Plaintiff's first name or only Plaintiff's last name.

Plaintiff must amend RFP No. 12 to add the time period limitation.

### H. RFP Nos. 13 and 14

The Court DENIES the motion to compel as to RFP Nos. 13 and 14. At the hearing, VUSD confirmed that it has produced all responsive documents and that it is not withholding documents based on its stated objections. At the hearing, Plaintiff confirmed that it had no evidence to suggest that VUSD had responsive documents that it was not producing.

### I. RFP Nos. 15, 16, and 17

The Court DENIES the motion to compel as to RFP Nos. 15, 16, and 17. At the hearing, VUSD confirmed that besides the underlying action involving Plaintiff, it does not have responsive documents for RFP Nos. 15, 16, and 17. At the hearing, Plaintiff confirmed that it had no evidence to suggest that VUSD had responsive documents that it was not producing.

### J. VUSD's Responses to Plaintiff's RFPs, Set One

VUSD's Responses to Plaintiff's RFPs, Set One, currently consist of its original responses dated January 17, 2024; its Supplemental Responses to certain RFPs dated June 21, 2024; and its Second Supplemental Responses to certain RFPs dated March 6, 2025. In addition to the orders above regarding specific supplemental responses, VUSD is ordered to consolidate its RFP responses in one document to include all of its responses in an organized fashion.

### K. Privilege Log

To the extent that VUSD produces any redacted documents that make redactions other than the non-party minor's name, which Plaintiff proposed in her RFPs, VUSD must identify these redactions in a privilege log.

Based on the Joint Discovery Statement and hearing, it does not appear that VUSD has or will be withholding any documents on the basis of privilege. In an abundance of caution, however, to the extent that VUSD withholds any documents on the basis of privilege, VUSD must also identify these documents in a privilege log.

Any privilege log must be produced simultaneously with VUSD's production of

documents and supplemental responses.

L.  Schedule

Plaintiff must amend its RFP Nos. 10, 11, and 12 by close of business Friday, June 6, 2025.

Defendant VUSD must serve its supplemental responses and responsive documents as ordered above within fourteen (14) days of today, June 3, 2025.

The parties must file a Joint Discovery Update within twenty-one (21) days of today, June 3, 2025, providing an update on their compliance with this Order. The Joint Discovery Update is limited to five (5) pages.

The Court expressly reminded and warned the parties that the discovery deadlines in this case have a strict definition of the term "completed." (*See* ECF No. 15.) The Court further warned the parties that it is NOT inclined to extend discovery deadlines given the parties have had more than ample time for fact discovery at over two (2) years, and it was imperative that both sides work together cooperatively to resolve any potential discovery disputes.

Dated:  June 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE