1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   A.S.,                                    Case No. 2:23-cv-2029-TLN-CSK

12            Plaintiff,

13        v.                                   ORDER RE: DISCOVERY DISPUTES

14   POINT QUEST, VACAVILLE UNIFIED            (ECF No. 77)
     SCHOOL DISTRICT, ANASTASIA
15   BOOMER, and HANNAH SMITH,

16            Defendants.

17

18        The following discovery disputes are pending before the Court: (1) a continued

19   hearing on Plaintiff A.S.'s request that Defendant Point Quest produce photographs of

20   male employees (ECF Nos. 107 & 112]); (2) Defendants Point Quest, Vacaville Unified

21   School District ("VUSD"), Anastasia Boomer, and Hannah Smith's motion to compel

22   Plaintiff's deposition and Plaintiff's independent medical exam ("IME") pursuant to Rule

23   35 (ECF Nos. 98 & 102); and (3) Plaintiff's motion to compel Point Quest to produce

24   documents in response to the Rule 34 documents requests served with Plaintiff's

25   Amended deposition notice pursuant to Federal Rule of Civil Procedure Rule 30(b)(6)

26   (ECF Nos. 109 & 113). A hearing was held on November 17, 2025, at which counsel

27   Valerie Rose appeared for Plaintiff, Blaze Van Dine appeared for Point Quest and Smith,

28   and Kristen Caprino appeared for VUSD and Boomer. The hearing was special set so all

1

1    matters could be heard at the same time. (ECF No. 110.) The Court ruled from the

2    bench, GRANTING IN PART and DENYING IN PART the parties' motions and requests.

3    The Court summarizes its ruling in this written order.

4    **I.    LEGAL STANDARDS**

5          The legal standards were stated on the record in the hearing by the Court.

6    **II.    ORDER**

7          In summary, the Court GRANTS IN PART and DENIES IN PART the parties'

8    motions and requests as follows:

9          A.  Plaintiff's Request for Photographs of Point Quest Male Employees

10         The Court concludes Plaintiff is not entitled to photographs of Point Quest male

11   employees because Plaintiff never requested such photographs in any formal discovery.

12   The Court therefore DENIES Plaintiff's request.

13         The Court exercises its discretion, however, and **orders Point Quest to produce**

14   **within 7 days of the hearing**, on or by November 24, 2025 by close of business, a list

15   of the names of all male employees who worked at Depot Park during the four months

16   Plaintiff attended from October 2021 to February 2022, those individual's job titles, and

17   whether the employee is a current Point Quest employee. This list will enable Plaintiff to

18   decide whether to conduct any additional fact depositions up to their 10 deposition limit,

19   for which a limited scheduling extension has been approved. This list does not re-open

20   fact discovery.

21         B.  Plaintiff's Motion to Compel RFPs with Point Quest 30(b)(6) Deposition

22         Plaintiff raises new issues in the Joint Statement Re Discovery Disagreement

23   (ECF No. 113) in her motion to compel that are separate from Point Quest's document

24   production in response to Plaintiff's Requests for Production of Documents ("RFP")

25   accompanying the Amended Rule 30(b)(6) deposition notice served on Point Quest,

26   including Point Quest's prior document productions, supplemental productions, and re-

27   opening discovery. These new issues were not properly raised in this motion and are

28   DENIED as not timely raised where fact discovery closed on October 16, 2025 on all

2

1    issues except those that were extended through the court's October 14, 2025 Order

2    (ECF No. 100). The Court's scheduling order also includes the definition for completion

3    for the discovery deadline, which requires raising discovery disputes and getting them

4    resolved before the deadline. (ECF No. 15 at 2-3.) These new issues are also denied

5    because Plaintiff failed to meet and confer on these issues before filing the Joint

6    Statement as required by Local Rule 251(b).

7          The Court DENIES Plaintiff's request that Point Quest's objections be overruled

8    as untimely when Plaintiff served an amended deposition notice accompanied by RFPs

9    and Point Quest timely responded to the amended notice with RFPs. The remainder of

10   Plaintiff's motion to compel is DENIED AS MOOT because Point Quest has already

11   agreed to Plaintiff's demands where Point Quest agreed to provide amended responses

12   to the RFPs at issue, including to "(1) clearly state whether any responsive documents

13   are being withheld based on an objection; (2) identify by Bates number all responsive

14   documents; and (3) produce any responsive documents at least 5 days before the Rule

15   30(b)(6) deposition." (ECF No. 113 at 12.)[1]

16         C.  <u>Defense Independent Medical Exam of Plaintiff A.S.</u>

17         The parties do not dispute that Defendants are entitled to conduct an IME of

18   Plaintiff, and the Court agrees that there is good cause for the Defendants' exam of

19   Plaintiff pursuant to Federal Rule of Civil Procedure 35. The parties have already

20   reached agreement on most components of the defense IME. The Court grants in part

21   and denies in part Defendants' motion to compel the IME of Plaintiff as follows:

22         1.  A clinical interview of A.S. not to exceed 1 hour exclusive of breaks, which the

23            parties previously agreed to. The interview will not be recorded. Dr. Huckabee

24            did not record her IME of Pl., and Plaintiff has confirmed her position that Dr.

25            Huckabee conducted her IME properly. This reflects Plaintiff's concession that

26

27   [1]  At the hearing, Point Quest confirmed that it did not anticipate that withholding any
documents pursuant to the Family Educational Rights and Privacy Act of 1974
28   ("FERPA").

1   recording an IME is not necessary. Given that Plaintiff's own doctor did not

2   record the IME, Plaintiff's demand that the defense IME be recorded is not

3   only inconsistent but also one that creates an unfair advantage for Pl. In

4   addition, the Court agrees with Defendants that the weight of legal authority

5   goes against recording IMEs. Therefore, the Court denies Plaintiff's request

6   that Defendants be required to record Plaintiff's IME. Defendants are required,

7   however, to describe the scope of the clinical interview in more detail than the

8   current proposal presented. (*See* ECF No. 102 at 7-8.) The level of detail

9   provided by Dr. Huckabee in her declaration (¶ 8a) describing the scope of the

10  examination is sufficient. (*See* ECF No. 103-3.) Defendants must file this as a

11  Proposed Order within 14 days to the hearing, on or by December 1, 2025 by

12  close of business.

13  2.  Clinical interview of both of Plaintiff's parents not to exceed 2 hours exclusive

14      of breaks. Dr. Huckabee conducted a clinical interview of A.S.'s parent, and

15      Plaintiff has confirmed her position that Dr. Huckabee conducted her IME

16      properly and that all the components of Dr. Huckabee's exam were necessary

17      for her assessment.[2] This reflects Plaintiff's concession that a clinical interview

18      of A.S.'s parent is a necessary component of Plaintiff's IME. Plaintiff's

19      argument that a clinical interview is not needed because Plaintiff's parents

20      have been deposed fails. A deposition taken by opposing counsel does not

21      serve the same purpose as a clinical interview by a medical professional

22      conducting a Rule 35 IME, and is conducted differently than an IME. The

23      interview will not be recorded.[3] Defendants are required, however, to describe

24  _____

25  [2]  No reason was provided for why Dr. Huckabee elected not to interview Plaintiff's
    mother besides counsel's statement at the hearing that Dr. Huckabee determined that

26  interviewing one parent, rather than both parents, would be sufficient. As expert
    disclosure deadlines have not passed, the Court notes that Dr. Huckabee can still

27  interview Plaintiff's mom so there can be no claim of disadvantage or prejudice by
    Plaintiff.

28  [3]  Though Plaintiff did not request recording the clinical interview of the parents, the

4

the scope of the clinical interview in more detail than the current proposal presented. (*See* ECF No. 102 at 7.) The level of detail provided by Dr. Huckabee in her declaration (¶ 8c) describing the scope of the examination is sufficient. Defendants must file this as a Proposed Order within 14 days to the hearing, on or by December 1, 2025 by close of business.

3.  Standardized testing of A.S. not to exceed 2 hours exclusive of breaks. The parties previously already agreed to this and this appears consistent with Dr. Huckabee's IME. *See also* Huckabee Decl. ¶ 8b.

4.  School Observation of A.S., not to exceed 2 hours, which may consist of a mix of classroom and playground time. The parties previously already agreed to this and this is consistent with Dr. Huckabee's IME. *See* Huckabee Decl. ¶ 8f. Similar to Dr. Huckabee's IME, the defense expert shall not interview or interact with A.S. or her teachers besides exchanging pleasantries (e.g., "hello").

5.  Rating scales completed by <u>one</u> of A.S.'s teachers. The parties previously agreed rating scaled completed by one teacher, and Defendants do not provide a basis for increasing this to two teachers. The Court also notes that this is consistent with Dr. Huckabee's IME. *See* Huckabee Decl. ¶ 8g.

6.  Rating scales completed by one of A.S.'s parents. The parties previously already agreed to this and the Court also notes that this is consistent with Dr. Huckabee's IME. *See* Huckabee Decl. ¶ 8e.

7.  Pursuant to Rule 35(a)(2), the proposed order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."

8.  The Court denies the defense request for a clinical interview of Plaintiff's

---

Court makes clear that recording is not permitted for similar reasons for prohibiting recording of Plaintiff's interview, including that Dr. Huckabee did not record her clinical interview of Plaintiff's father.

parents together with Plaintiff A.S. Defendants' proposed expert (Dr. Rachel

Powers) does not address this request and no basis is provided for this

request. (*See* ECF Nos. 102 & 102 at 44-45.)

Plaintiff's requests to record the IME and preclude a clinical interview of Plaintiff's

parents are also denied separately based on Plaintiff's failure to comply with the Local

Rule 251(b) requirement that the parties meet and confer to resolve their discovery

dispute and set forth their differences in a Joint Statement. Plaintiff failed to adequately

meet and confer on the defense IME where they refused to provide information

regarding the 2024 IME conducted by Plaintiff's retained expert, Dr. Helena Huckabee,

in response to Defendants' request for this information to resolve the dispute over the

defense IME. Plaintiff did not provide this information until they provided Defendants with

Dr. Huckabee's declaration at 12:00 p.m. on October 21, 2025, the day the Joint

Statement was due. Plaintiff also did not provide counsel's declaration to Defendants

before filing the Joint Statement. Not only did Plaintiff fail to satisfy Local Rule 251's

meet and confer requirement, Plaintiff also deprived Defendants of the opportunity to

adequately respond. *See* L.R. 251(b).

Similarly, Plaintiff's challenges to the defense expert's qualifications to conduct

the IME and the standard of care are denied without prejudice based on Plaintiff's failure

to adequately meet and confer where they did not provide Dr. Huckabee's declaration

until 12:00 p.m. on the day the Joint Statement was due, and these challenges are

based on Dr. Huckabee's declaration. The Court further notes these types of expert

challenges are typically raised as a separate motion and the record before the Court is

not sufficiently developed to enable the Court to fully consider, let alone rule, on these

issues.

D.  <u>Defense Deposition of Plaintiff A.S.</u>

Critically, Plaintiff does not dispute Defendants have the right to take Plaintiff

A.S.'s deposition. The dispute centers around whether Defendants may ask Plaintiff A.S.

about the abuse allegations in the deposition and the length of the deposition. After

careful review of the Joint Statement, including the legal authority cited by both parties and materials submitted, the Court agrees with Defendants that they are permitted to ask Plaintiff about the abuse allegations during the deposition. Plaintiff has raised serious allegations of physical and psychological abuse and misconduct by Defendants in her First Amended Complaint ("FAC"). Defendants have the right to conduct discovery into these allegations and the right to defend themselves in this lawsuit, which includes asking Plaintiff A.S. in her deposition about her allegations. Defendants' right outweighs the concerns for potential harm. Defendants also indicate that Plaintiff's counsel plans to present testimony from Plaintiff A.S. at trial about incidents that are not described with specificity in the FAC or other discovery. (*See* ECF No. 102 at 4.) If the Court were to grant Plaintiff's request, that would require Defendants to go to trial without knowledge of all of Plaintiff's allegations against them, which would fundamentally deprive Defendants of their right to defend themselves.

The Court denies Plaintiff's alternative request that their retained expert, Dr. Huckabee, be permitted to attend Plaintiff's deposition and to interject during the deposition. Plaintiff failed to adequately meet and confer on this issue where they provided Dr. Huckabee's declaration at 12:00 p.m. on the day the Joint Statement was due, depriving Defendants of the opportunity to adequately respond. *See* L.R. 251(b). In addition, good cause is not established for this modification and restriction of deposition procedures.

The Court will, however, impose the following reasonable limitations in recognition of Plaintiff A.S.'s status as a disabled minor to help address concerns raised:

1. A single, joint deposition of Plaintiff A.S. will be taken by Defendants, though there are two groups of defendants.

2. Length:  Though Rule 30 permits up to seven (7) hours for a deposition, Plaintiff's deposition will be limited to three (3) hours of questioning by Defendants. This does not include breaks and this does not include questioning by Plaintiff's counsel.

7

3. A neutral location for the deposition will be agreed upon by the parties.

4. Though Defendants may ask Plaintiff A.S. about the allegations of abuse at the deposition, questioning must be done cautiously and sensitively.

E. Discovery Schedule

The parties have been conducting discovery since at least June 2023, for over 2.5 years. The limited extension of the fact discovery deadline by 60 days from October 16, 2025 to December 16, 2025 was limited to completing Plaintiff's deposition, Plaintiff's IME, the Point Quest 30(b)(6) deposition, and completion of the parties' remaining fact depositions up to the ten deposition limit. (ECF No. 100.) Exercising its discretion to manage and supervise the pretrial phase of litigation, including discovery, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) and Fed. R. Civ. P. 16(b)(4), the Court modifies the schedule as follows:

1. Limited Fact Discovery Extension: The Court grants a limited extension of 30 additional days to **January 16, 2026**, to complete Plaintiff's deposition, Plaintiff's IME, the Point Quest 30(b)(6) deposition, and completion of the parties' remaining fact depositions up to the ten deposition limit. The parties must file within 14 days of the hearing, on or by December 1, 2025, close of business, a JOINT proposed schedule with specific dates for Plaintiff's deposition, Plaintiff's IME, the Point Quest 30(b)(6) deposition, and completion of the parties' remaining fact depositions up to the ten deposition limit.

2. Initial Expert Disclosures: The Court grants a limited extension of 30 additional days from the current February 17, 2026 deadline to **March 19, 2026**.

3. Rebuttal Expert Disclosures: The Scheduling Order sets the deadline as 30 days after Initial Expert Disclosures, which is **April 18, 2026**. (ECF No. 15 at 3.)

4. Dispositive Motion Deadline: The Scheduling Order sets the deadline as 180 days after the close of discovery, which has been extended on a limited basis to January 16, 2026 as set forth above. (ECF No. 15 at 3.) This makes the

8

new dispositive motion deadline **July 15, 2026**.

**The Court expressly warned the parties that additional requests to extend the discovery deadlines would likely not be granted given that discovery has already been extended multiple times and has been ongoing for over 2.5 years.** The Court further warned the parties that they are not entitled to take depositions in a certain order. Finally, Defendants reported that Plaintiff has regularly served Rule 34 RFPs with deposition notices for non-party deponents, which Plaintiff does not contest. This is not proper. Pursuant to Rule 30(b)(2), serving Rule 34 RFPs with deposition notices is only permitted for <u>party</u> deponents.[4] The Court expressly warned Plaintiff to stop this practice. In addition, Plaintiff may not use document requests served with a deposition notice to circumvent the fact discovery deadline, which was <u>not</u> extended for RFPs.

It is so ordered.


Dated:  November 17, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE


csk/as2029-23.disco.o

---

[4]  For non-party deponents, a request for documents must be made through a subpoena duces tecum, not a Rule 34 RFP. *See* Fed. R. Civ. P. 30(b)(2) & 45.