UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>POINT QUEST et al.,<br><br>    Defendants. | No. 2:23-cv-02029-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendants Point Quest and Hannah Smith's ("Smith") (collectively, "Defendants") Motion for Partial Judgment on the Pleadings. (ECF No. 79.) Plaintiff A.S., a minor, by and through her Guardian ad Litem Shawn Springer ("Plaintiff") filed an opposition. (ECF No. 86.) Defendants replied. (ECF No. 92.) For the reasons set forth below, Defendants' Motion is DENIED.

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an incident at an elementary school between a young student and a teacher. The Court previously outlined the factual allegations in this case and incorporates that description here. (*See* ECF No. 58 at 2–4.) For clarity, the Court briefly reiterates the following: Point Quest is a non-public school for disabled students with special needs that contracts with the Vacaville United School District ("VUSD"). (ECF No. 4 ¶ 6.) A.S. is a child diagnosed with Autism and intellectual disabilities who was assigned to attend Point Quest Education Depot Park ("Depot Park") in Sacramento, California. (*Id.* ¶¶ 2, 4, 10.) Defendant Anastasia Boomer ("Boomer") is a behavior analyst who monitored, supervised and supported disabled students VUSD assigned to non-public schools, including A.S. (*Id.* ¶ 9.) Point Quest employed Smith as a special education teacher at Depot Park. (*Id.* ¶ 7.)

On December 16, 2021, Smith allegedly held A.S. face down on the ground while restraining all her extremities, causing her to sustain injuries including scratches and bruises. (*Id.* ¶ 38.) On January 24, 2022, Smith repeatedly grabbed A.S. from under her arms, lifted her feet off the floor, and forcefully moved her to various locations on campus. (*Id.* ¶ 39.) Smith also repeatedly forced A.S. down into her chair when she was attempting to leave her seat, causing A.S. to cry out in pain. (*Id.*) On multiple occasions, Smith held A.S. down on the ground against a mat, causing A.S. to cry and frantically beg to be let go. (*Id.*) Boomer observed all these incidents between Smith and A.S. (*Id.* ¶¶ 38–39.)

Based on these allegations, Plaintiff filed a lawsuit against Defendants Point Quest, VUSD, Boomer, Smith, and DOES 1-30. (ECF No. 4.) Following the Court's order granting in part VUSD and Boomer's Motion to Dismiss, the remaining claims are: (1) violation of 42 U.S.C. § 1983 ("§ 1983") against Boomer and Smith; (2) violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) ("ADA") against VUSD; (3) violation of § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") against Point Quest; (4) violation of § 504 of the Rehabilitation Act against VUSD; (5) negligence against Point Quest and Smith; (6) negligent

hiring, supervision, or retention of an employee[1] against Point Quest; (7) battery against Smith; (8) violation of California Education Code § 220 against Point Quest; (9) violation of a mandatory duty and California Penal Code § 11166 against Smith; and (10) intentional infliction of emotional distress ("IIED") against Point Quest and Smith. (*See generally id.*; ECF No. 58.) Defendants now move for partial judgment on the pleadings as to the First Claim against Smith and the Third, Eighth[2], and Tenth[3] Claims against Point Quest. (ECF No. 79.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)" and the "'same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, to survive a motion for judgment on the pleadings, the pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion); *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (same); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 664. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 670 (quoting *Twombly*, 550 U.S. at 556).

---

[1] As the Court previously noted, Plaintiff's sixth cause of action for negligent hiring, supervision, or retention of an employee was not numbered thereby throwing off the numbering for all subsequent causes of action.

[2] Defendants refer to this claim as the "Seventh Claim." (ECF No. 79 at 2.) For consistency with this Court's prior order, the Court refers to this claim as Claim Eight.

[3] Defendants refer to this claim as the "Ninth Claim." (ECF No. 79 at 2.) For consistency with this Court's prior order, the Court refers to this claim as Claim Ten.

Thus, a motion for "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate, and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"Where a court grants a motion . . . for judgment on the pleadings under Rule 12(c), leave to amend should be freely given if it is possible that further factual allegations will cure any defect." *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013); *see also Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (courts have discretion to grant leave to amend instead of entry of judgment).

### III. ANALYSIS

Defendants move for partial judgment on the pleadings as to the following claims: violation of 42 U.S.C. § 1983 against Smith (Claim One); violation of the Rehabilitation Act against Point Quest (Claim Three); violation of California Education Code § 220 against Point Quest (Claim Eight[4]); and IIED against Point Quest (Claim Ten[5]). (ECF No. 79.) In opposition, Plaintiff argues each of these claims is adequately alleged. (ECF No. 86.) Alternatively, Plaintiff requests leave to file a Second Amended Complaint. (*Id.* at 4.) The Court begins by analyzing each claim in turn.

---

[4] As noted above, the Court refers to this claim as Claim Eight rather than Claim Seven.

[5] As noted above, the Court refers to this claim as Claim Ten rather than Claim Nine.

4

A.     Claim One: 42 U.S.C. § 1983 against Smith

Plaintiff alleges Smith, a special education teacher at Point Quest, violated Plaintiff's constitutional right under the Fourth Amendment to be free from unreasonable seizures. (ECF No. 4 ¶¶ 7, 62.) Point Quest is a non-public school. (*Id.* ¶ 6.) To establish a claim under § 1983, a plaintiff must establish: "(1) a person acting under color of State law; (2) subjects or causes to be subject to deprivation; (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or immunity secured by the Constitution and laws." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023).

Defendants argue Plaintiff cannot establish Smith — a private actor — acted under the color of state law. (ECF No. 79-1 at 6.) To determine whether a private actor's conduct constitutes state action, the Ninth Circuit recognizes four different tests: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal citation omitted). Satisfaction of any of these tests is sufficient. *Id.* Defendants argue Plaintiff cannot satisfy any of these tests. (ECF No. 79-1 at 7.) Plaintiff disagrees and argues there are sufficient plausible facts to demonstrate joint action, governmental compulsion and governmental nexus.[6] (ECF No. 86 at 14.) For completeness, the Court examines each test in turn.

*i.     Joint Action*

Under the joint action test, the Court considers whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley*, 326 F.3d at 1093 (internal quotation marks and citation omitted).

Defendants argue Plaintiff does not allege any facts to plausibly indicate any joint action or substantial cooperation between Point Quest, Smith and the state. (ECF No. 79-1 at 8.) Specifically, Defendants contend there are no facts Point Quest or Smith acted jointly with VUSD

---

[6]   Because Plaintiff does not address Defendants arguments regarding the public function test, neither does the Court.

1  in a way that generated benefits for the school district or acted jointly with the common goal of
2  violating Plaintiff's constitutional rights. (*Id.*)

3  In opposition, Plaintiff contends Defendants ignore the allegations in the First Amended
4  Complaint. (ECF No. 86 at 15.) Plaintiff points to the allegations that VUSD and Point Quest
5  jointly participated in A.S.'s placement at Point Quest; that Boomer, a VUSD employee, had a
6  supervisory responsibility over VUSD students at Point Quest and over Smith; and that Smith and
7  Boomer jointly participated in the abuse of A.S. when Smith abused A.S. in Boomer's presence.
8  (*Id.*) Plaintiff analogizes this case to *K.H. by & through Humphrey v. Antioch Unified Sch. Dist.*
9  ("*K.H.*"), which found allegations that a private school's staff was composed of both public
10 district employees and private employees and was housed within the public district's facilities
11 was enough to support a plausible inference of joint action. (*Id.* (citing No. C 18-07716 WHA,
12 2019 WL 2744721, at *4 (N.D. Cal. July 1, 2019)).)

13 In reply, Defendants argue *K.H.* is distinguishable because unlike the circumstances in
14 *K.H.*, here, no VUSD or other school district staff worked on the Depot Park campus or engaged
15 in the school's day to day operations. (ECF No. 92 at 3.)

16 The Court finds Defendants argument unpersuasive. Here, Plaintiff clearly alleges VUSD
17 staff worked on the Depot Park campus. Specifically, Plaintiff alleges Boomer, a VUSD
18 employee, "monitored, supervised and supported disabled students VUSD assigned to non-public
19 school placements" including A.S. at the Depot Park campus. (ECF No. 4 ¶ 9.) Moreover,
20 Plaintiff alleges Smith, a Point Quest employee, was Boomer's subordinate. (*Id.* ¶ 67.)
21 According to Plaintiff, Boomer observed and did not intervene when Smith committed a series of
22 alleged unconstitutional acts against Plaintiff. (*Id.* ¶¶ 38, 39, 67–70.) As in *K.H.*, the Court finds
23 these allegations sufficiently support a plausible inference of joint action given the mixed nature
24 of the school implies a level of interdependence between the State and Point Quest. *See K.H.*,
25 2019 WL 2744721, at *4 (finding the "mixed nature" of a school was sufficient to support a
26 plausible inference of joint action at the pleading stage).

27 As such, the Court finds Plaintiff meets the joint action test.
28 ///

6

### ii. Governmental Compulsion

The compulsion test "considers whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (internal quotation and citation omitted).

Defendants argue Plaintiff does not allege that state regulation evidenced governmental coercion or encouragement of Smith's alleged excessive use of force against Plaintiff. (ECF No. 79-1 at 9.) Defendants argue such allegations could not stand, because the state has no control over Point Quest's use or nonuse of restraints on Plaintiff. (*Id.*) Further, Defendants argue that, while Point Quest must perform its duties pursuant to the relevant California Education Code and Regulations applicable to it, the State does not apply any "coercive influence" or "significant encouragement" in the use of restraints on students. (*Id.*)

In opposition, Plaintiff argues this test is met because Plaintiff alleges Point Quest and VUSD are in privity of contract, and Point Quest receives direct and indirect federal funding assistance. (ECF No. 86 at 15.) Further, Plaintiff reiterates its allegation that Boomer, a VUSD employee, supervised Smith, witnessed A.S.'s abuse, and failed to intervene, discipline, train, report or retrain any Point Quest staff including Smith. (*Id.* at 16.) According to Plaintiff, these allegations are sufficient to support the plausible inference that the State coerced or encouraged the acts at issue. (*Id.* at 17.)

In reply, Defendants contend the ultimate question is whether Smith's alleged use of improper restraints can be fairly seen as state action. (ECF No. 92 at 2–3.) According to Defendants, it cannot. (*Id.*)

The Court disagrees. Plaintiffs allege Smith's actions were taken within the scope of her employment and Boomer, a VUSD employee, supervised Smith, witnessed the alleged constitutional violations, and failed to intervene. (ECF No. 4 ¶¶ 7, 9, 38, 39, 41.) Again, at this stage in the proceedings, the Court finds this is sufficient to establish the State encouraged Smith's actions and therefore the governmental compulsion test is met. *See K.H.*, 2019 WL 2744721, at *4 (similarly finding compulsion test was met where school district managed the private entity and the private actor's actions were taken within the scope of their employment).

7

### iii. Governmental Nexus

"Arguably the most vague of the four approaches," the government nexus test asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1094–95 (internal quotation marks and citation omitted).

Defendants argue Plaintiff fails to allege any factual allegations establishing Smith acted with or possessed the authority of state law. (ECF No. 79-1 at 10.) Drawing on the Supreme Court's decision in *Rendell-Baker v. Kohn*, Defendants further contend simply contracting with school districts to provide special education services does not render private entities state actors. (*Id.* (citing 457 U.S. 830, 841 (1982)).)

In opposition, Plaintiff again relies on *K.H.* to argue she has satisfied the threshold by plausibly alleging Smith was acting under the color of state law in light of the contractual relationship between Point Quest and VUSD. (ECF No. 86 at 18.)

In reply, Defendants argue contracting with school districts to provide services to disabled students and special regulation of a special education school does not turn private actors into state actors. (ECF No. 92 at 2.) Further, Defendants contend Plaintiff misunderstand the Supreme Court's decision in *Rendell-Baker* when arguing it is inapplicable to this action. (*Id.*)

In *Rendell-Baker*, the Supreme Court stated the central question in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights can be "fairly attributable to the State." 457 U.S. at 838 (internal quotation and citation omitted). While Defendants argue Plaintiff has failed to allege how a Point Quest employee's alleged use of improper restrains can be attributable to State action, the Court disagrees. (*See* ECF No. 92 at 3.) As discussed above, Plaintiff alleges Boomer, a VUSD employee, supervised Smith, a Point Quest employee, and observed Smith repeatedly unlawfully restraining Plaintiff. (ECF No. 4 ¶¶ 7, 9, 38, 39.) Further, Plaintiff alleges Boomer "concealed the abuse," and failed to discipline or retrain Smith. (*Id.* ¶ 41.) The Court finds these links sufficient to establish Smith's actions were "fairly attributable to the State" and therefore sufficient to meet the governmental nexus test at this stage. *Cf. Kirtley*, 326 F.3d at 1095 (finding guardian ad litem's actions were not fairly

attributable to the state because the guardian did not act with or obtain significant support from state officials).

In sum, the Court finds the complaint leads to the plausible inference that Smith acted under the color of state law through the joint action, compulsion and governmental nexus tests. Accordingly, the Court DENIES Defendants' Motion for Judgment on the Pleadings as to Plaintiff's 1983 claim against Smith.

### B.    Claim Three: Rehabilitation Act against Point Quest

Plaintiff alleges Point Quest violated the Rehabilitation Act by denying equal access to educational services by subjecting Plaintiff to a hostile educational environment.  (ECF No. 4 ¶ 99.)  The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  To state a claim under the Rehabilitation Act, Plaintiff must allege: (1) she is a qualified individual with a disability; (2) she was denied the benefit or services solely by reason of her disability; and (3) the program providing the benefit receives federal financial assistance.  *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Plaintiff must also allege intentional discrimination.  *A.G.*, 815 F.3d at 1204.

Defendants argue they are entitled to judgment as a matter of law because Plaintiff fails to sufficiently allege: (1) facts demonstrating Plaintiff was discriminated against because of her disability and (2) facts demonstrating Point Quest received federal financial assistance.  (ECF No. 79-1 at 11–13.)  In opposition, Plaintiff maintains her allegations sufficiently establish a Rehabilitation Act violation.  (ECF No. 86 at 18–20.)  The Court addresses the disputed elements in turn.

//
//
//
//

                    *i.*        *Denied Benefits or Services By Reason of Disability*

Defendants contend Plaintiff fails to sufficiently allege facts establishing Plaintiff was discriminated against because of her disability or that the discrimination was intentional.[7] (ECF No. 79-1 at 13–14.) In opposition, Plaintiff argues she alleges sufficient facts to show she was discriminated against because of her disability. (ECF No. 86 at 20.) Specifically, Plaintiff notes the following allegations: Smith's classroom was a hostile environment for Plaintiff given her disabilities; the repeated physical hostile acts committed against her were meant to punish her in response to behaviors which manifested from her disabilities; and she was subjected to ongoing and psychological abuse in response to behaviors that manifest from her disabilities. (*Id.* (citing ECF No. 4 ¶¶ 39, 59, 101).)

The Court agrees with Plaintiff. First, drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff has provided sufficient allegations to plausibly allege she was denied meaningful access to the benefits of her education due to her disability. Plaintiff alleges because of her disabilities, Point Quest denied Plaintiff equal access to its educational services when its employees "repeatedly grabbed [Plaintiff] under her arms, lifted her feet off the floor and forcefully moved her at least 7 times in a 30-minute period[.]" (ECF No. 4 ¶¶ 98, 99, 101.) Plaintiff further alleges she was repeatedly improperly and unnecessarily restrained during her attendance at the Depot Park campus for excessive periods of time. (*Id.* ¶ 101.) The Court finds these allegations lead to the reasonable inference that Plaintiff would have had a difficult time participating in class while being physically restrained. *See Smith v. Tobinworld*, No. 16-CV-01676-RS, 2016 WL 3519244, at *3 (N.D. Cal. June 28, 2016) (finding similarly).

Second, Defendants are correct that to prevail on this claim, Plaintiff must also ultimately prove intentional discrimination. *See A.G.*, 815 F.3d at 1204. This standard may be met by showing deliberate indifference. *Id.* Deliberate indifference "requires both knowledge that a

---

[7] Defendants also argue Plaintiff alleges VUSD rather than Point Quest subjected Plaintiff to a hostile educational environment because of her disability. (ECF No. 79-1 at 13; ECF No. 92 at 4.) However, Defendants do not explain why this fact is relevant. Additionally, the Court notes Defendants seek judgment on Plaintiff's third claim which clearly alleges Point Quest created a hostile learning environment for Plaintiff. (ECF No. 4 ¶ 101; ECF No. 79-1 at 11.) Without more, the Court declines to further consider this argument.

harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id.* (internal quotation and citation omitted).  Here, as discussed above, Plaintiff alleges Point Quest's employees repeatedly and routinely improperly restrained her during her attendance at Depot Park.  (ECF No. 4 ¶ 101.)  The Court finds these allegations sufficiently infer Defendants' acts were intentional.  Therefore, Plaintiff has sufficiently alleged this element.

                        ii.        *Federal Financial Assistance*

Defendants also argue they should be entitled to judgment as a matter of law on Plaintiff's Rehabilitation claim because Plaintiff fails to allege facts showing what financial assistance Point Quest received.  (ECF No. 79-1 at 11.)  Defendants cite *Castle v. Eurofresh, Inc.*, to support their position.  (*Id.* at 12 (citing 731 F.3d 901, 909 (9th Cir. 2013).)  In *Castle*, the plaintiff alleged Eurofresh, a private tomato growing company, received federal funding because Eurofresh's contract with Arizona Correctional Industries ("ACI") provided that ACI would pay the Social Security and Medicare taxes on Eurofresh's prison laborers' wages.  731 F.3d at 909.  The Ninth Circuit determined these allegations were insufficient because plaintiff did not show Eurofresh had chosen to provide employment "as a *quid pro quo* for the receipt of federal funds" or that Eurofresh was the intended recipient of federal funds.  *Id.*

Unlike the plaintiff in *Castle*, here Plaintiff has sufficiently alleged Point Quest received federal funding.  Plaintiff alleges VUSD assigned Plaintiff to Point Quest's Depot Park campus, a non-public school for disabled students with cognitive, behavioral and/or emotional special needs.  (ECF No. 4 ¶ 9.)  Plaintiff further alleges VUSD contracts with Point Quest to provide education services to disabled students and VUSD receives federal financial assistance to do so.  (*Id.* ¶¶ 6, 105; ECF No. 86-2 ¶ 1(a)).  Moreover, Plaintiff provides that the federal statute — the Individuals with Disabilities Education Act ("IDEA")[8] — specifically allows public school

---

[8]     Plaintiff requests judicial notice of the Individuals with Disabilities Education Act, Part B, Section 611.  (ECF No. 87 at 4–5.)  Defendants do not object.  (ECF No. 92-1 at 2.)  Plaintiff's request is GRANTED.  *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1153 (9th Cir. 2017) ("The Court may take judicial notice of compacts, statutes, and regulations not included in the plaintiff's complaint.")  Plaintiff's remaining requests for judicial notice upon which the Court does not rely are DENIED as moot.

1 districts like VUSD to contract with non-public schools to provide educational services to
2 disabled students. (ECF No. 86 at 19; ECF No. 86-5 at 3.) In other words, in can reasonably be
3 inferred that Point Quest was the intended recipient of federal funds, and Point Quest accepted
4 Plaintiff onto its campus in return for the receipt of federal funds. *See Smith*, WL 3519244, at *6
5 (similarly finding a private school that accepted a disabled public school student to provide
6 special education services was the intended recipient of IDEA funding). While Defendants may
7 ultimately be able to show Point Quest did not receive any IDEA funding, without any evidence
8 to the contrary, the Court finds Plaintiff has sufficiently alleged facts that lead to the reasonable
9 inference Point Quest received federal financial assistance.

10 In sum, the Court DENIES Defendants' Motion for Judgment on the Pleadings as to
11 Plaintiff's Rehabilitation claim against Point Quest.

12       C.  <u>Claim Eight: California Education Code § 220 against Point Quest</u>

13 Plaintiff alleges Point Quest violated California Education Code § 220 by discriminating
14 against Plaintiff on the basis of her disabilities. (ECF No. 4 ¶¶ 141–50.) To prevail on a § 220
15 claim, a plaintiff must prove: (1) she suffered "severe, pervasive, and offensive" harassment that
16 effectively deprived her of the right of equal access to educational benefits and opportunities; (2)
17 the school district had "actual knowledge" of that harassment; and (3) the school district acted
18 with deliberate indifference in the face of such knowledge. *Donovan v. Poway Unified Sch. Dist.*,
19 167 Cal. App. 4th 567, 579 (2008).

20 Defendants argue Plaintiff fails to provide any factual allegations that Point Quest
21 received or benefited from state financial assistance, or that Point Quest enrolled a pupil who
22 received state student financial aid. (ECF No. 79-1 at 14.) In opposition, Plaintiff argues she
23 specifically alleged "[o]n information and belief . . . [Point Quest] receive[s] state financial
24 assistance in connection with the provision of special education services to students, including
25 A.S., due to the students' disabilities." (ECF No. 86 at 20 (citing ECF No. 4 ¶ 142).) In reply,
26 Defendants argue Plaintiff concedes there are no factual allegations establishing Point Quest
27 received or benefitted from state financial assistance. (ECF No. 92 at 4.)

28 The Court disagrees with Defendants and does not see how Plaintiff makes any such

1  concession. Instead, the Court finds Plaintiff's allegations sufficient at this stage to establish
2  Point Quest is a recipient of state funding. Accordingly, the Court DENIES Defendants' Motion
3  for Judgment on the Pleadings as to Plaintiff's California Education Code § 220 claim against
4  Point Quest.

D.     Claim Ten: Intentional Infliction of Emotional Distress against Point Quest

Plaintiff claims Point Quest is liable for intentional infliction of emotional distress. (ECF No. 4 ¶¶ 160–69.) "To state a claim for intentional infliction of emotional distress, a plaintiff must plead: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) that the plaintiff suffered severe or extreme emotional distress; and (3) that the plaintiff's injuries were actually or proximately caused by the defendant's outrageous conduct." *Doe v. San Joaquin Cnty.*, No. 2:18-CV-667-TLN-AC, 2019 WL 2106175, at *3 (E.D. Cal. May 14, 2019).

Defendants argue their motion for judgment as a matter of law should be granted because there are no IIED allegations as to Point Quest and Plaintiff does not allege evidence of oppression, fraud, malice, or willful and wanton negligence. (ECF No. 79-1 at 15.) Because there are no facts as to Point Quest, Defendants argue this claim should be granted as a matter of law as to Point Quest. (*Id.*)

In opposition, Plaintiff argues she "intended" to allege her IIED cause of action against Point Quest and further contends oppression, fraud, malice or willful and wanton negligence are not required to state an IIED claim. (ECF No. 86 at 21.) If granted leave to amend, Plaintiff argues she will expressly and more clearly allege Point Quest is liable. (*Id.*) Further, Plaintiff argues the alleged facts support Point Quest's vicarious liability for its employees' intentional torts. (*Id.* at 22.)

In reply, Defendants argue Plaintiff "admits" she fails to assert any facts establishing an IIED claim against Point Quest and only has allegations addressing Defendant Smith and Boomer. (ECF No. 92 at 4.) Thus, Defendant argues their motion for partial judgment on the pleadings should be granted. (*Id.*)

Upon review, and in drawing all reasonable inferences in Plaintiff's favor, the Court finds

1  she has sufficiently alleged an IIED claim against Point Quest.  First, the heading underneath the

2  IIED claim states the claim is alleged against all Defendants — indicating Plaintiff did in fact

3  bring this claim against Point Quest.  (ECF No. 4 at 29.)  Second, as Plaintiff notes, under the

4  respondeat superior doctrine, an employer can be liable for the torts of its employees.  *See Crouch*

5  *v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1011 (2019).  Here, Plaintiff

6  has sufficiently alleged Smith, a Point Quest's employee, was acting within the scope of her

7  employment at all relevant times when she held A.S.'s face down on the ground while restraining

8  all her extremities, grabbed A.S. from under her arms, repeatedly forced A.S. down into her chair,

9  and on multiple occasions held A.S. down on the ground against a mat.  (ECF No. 4 ¶¶ 6, 38–39.)

10  Further, Plaintiff alleges she was harmed by these interactions.  (*Id.* ¶¶ 38–39.)  At this stage,

11  these allegations and the facts reasonably inferred from them are sufficient to allege an IIED

12  claim against Smith and attribute Smith's actions to Point Quest.

13  In sum, the Court DENIES Defendants' Motion for Judgment on the Pleadings as to

14  Plaintiff's IIED claim against Point Quest.

15  **IV.   CONCLUSION**

16  For the foregoing reasons, the Court DENIES Defendants' Partial Motion for Judgment on

17  the Pleadings.  (ECF No. 79.)

18  IT IS SO ORDERED.

19  Date: December 3, 2025

20  _____

21  TROY L. NUNLEY
   CHIEF UNITED STATES DISTRICT JUDGE

14